**Merl F. GOLD, Appellant,**

v.

**Henry W. SIMON, Appellee.**

No. 16867.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 12, 1968.

Rehearing Denied Feb. 16, 1968.

———◆———

Davis, Callaway & Marshall, and Clyde M. Marshall, Jr., Fort Worth, for appellant.

Sullivant, Meurer & Harris, Gainesville, Simon & Simon, and Henry W. Simon, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

This appeal is from an order sustaining the plea of privilege of the appellee, Henry W. Simon, one of several defendants.

In Cooke County the plaintiff, Merl F. Gold, appellant herein, sued Simon, Jack N. Greenman (both residents of Tarrant County), the Bar V Company (residents of Wichita County), T. I. Sanders, Walter W. Stein, Jr., and Felderhoff Brothers Drilling Company (all residents of Cooke County) in the District Court of Cooke County. The appellant will be referred to as plaintiff and the appellee as Simon.

Basically the plaintiff's cause of action is a statutory action in trespass to try title (though plaintiff also specially pleaded his title) to a claimed undivided one-fourth interest in three oil and gas leasehold estates, and alternatively for foreclosure of an asserted mechanic's lien and for recovery of damages against the defendants Simon and Greenman for breach of alleged oral contract to convey. All three of the leasehold estates are situated in Cooke County, Texas. Prior to conveyances to other defendants in December, 1966, the record title to two of the leases was in defendant, Jack N. Greenman, and the third, referred to as the Zimmerer lease, was in Greenman and Simon. Plaintiff's cause of action as against the defendants resident in the county of the suit was different. Note thereof will be taken at appropriate places in this opinion.

Under the terms of the alleged verbal agreement between Greenman and Gold, the latter entered into reworking and drilling operations upon all three leases over a period of months, expending his time, skill and labor upon Greenman's promise that plaintiff was vested with an undivided one-fourth interest in each of the three leases; and that Greenman as to two leases and Greenman and Simon as to the third lease would advance development expenses and be entitled to recover such advances as well as investment outlay out of the proceeds of the sale of oil or from the sale of the leases before distribution to Gold of his one-fourth interest. It is asserted that Simon was informed by Greenman as to the above agreement and consented thereto.

The plaintiff received no assignment, deed or conveyance as to the claimed interest and there was no memorandum in writing to reflect his ownership of such interest or as to the agreement relating thereto. His title, if any, rested solely in parol.

Plaintiff alleged that Greenman and Simon were partners in the Zimmerer lease and that they had sold their entire interests in such leases to the other defendants

prior to institution of his suit and that the titles of the latter were inferior to his. That sale to the other defendants was done secretly and as result of a conspiracy between all defendants to deprive him of his interest, all of which constituted a breach by reason of which plaintiff had been damaged.

Simon and defendant Jack N. Greenman filed their separate pleas of privilege to be sued in Tarrant County. Simon asserted that the allegations in plaintiff's petition seeking recovery of an interest in lands in Cooke County and foreclosure of a lien on said lands were not made in good faith but were fraudulently made for the purpose of conferring venue in Cooke County. All exceptions to exclusive venue in the county of appellee's residence were denied by Simon.

■ Under the cases it appears that in a plea of privilege case a defendant who affirmatively alleges fraud on the jurisdiction (for venue purposes) raises additional issues upon which he has the burden of proof and in support of which he is entitled to introduce evidence. 59 Tex.Jur. 2d, p. 585, "Venue", Sec. 147, "(Requisites of plea)—Alleging venue fraudulently laid"; McDonald's Texas Civil Practice 376, 459; Texan Development Co. v. Hodges, 237 S.W.2d 436 (Amarillo, Tex. Civ.App.1951, no writ history).

■ Conceding, in such a case, that the plaintiff's pleading and/or evidence establishes a prima facie case entitling him to an order overruling the defendant's plea of privilege the defendant is entitled to introduce proof that the plaintiff's cause of action does not fall within those exceptions to Vernon's Ann.Tex.Civ.St. art. 1995, "Venue," upon which plaintiff relies, such as by producing refuting evidence upon matters which ordinarily would be settled as a matter of law through determination made by reference to the plaintiff's petition. This is true even though as an incident to such proof it be established that plaintiff has no maintainable action at all. Should the defendant's evidence legally establish such the order of the trial court could only be one which sustains the plea and removes the cause of action according to the defendant's prayer.

Under his pleadings Simon was afforded the opportunity to, and did, introduce evidence to the effect that the action against him was not (1) for the recovery of an interest in land, (2) for the foreclosure of a mortgage or other lien, and (3) that he is not a proper party to the plaintiff's cause of action, if any, possessed against defendants who were resident in the county of the suit. Once the defendant's pleading raises the issue of fact as to the matters above enumerated and produces evidence of probative force and effect in support thereof, a determination may be made by reference to the evidence rather than by reference to the plaintiff's petition. The same rule is applicable to Exception 29a of Art. 1995.

The evidence upon which Simon relied was almost all adduced in cross-examination of the plaintiff. We believe the trial trial court was entitled to conclude that as against Simon the plaintiff's cause of action was one founded in contract, either for specific performance or for damages for breach; that as founded in contract the agreement between Simon and plaintiff was express and to the effect that in consideration of services rendered by the latter on the Zimmerer lease—if and in the event the same proved profitable and Simon obtained a return on his investment, theretofore and thereafter made in the purchase and development of said lease, which not only made him whole but in addition resulted in a profit—plaintiff would then be entitled to, and automatically have, a one-quarter (¼th) interest in the leasehold estate of Simon as of and from the time Simon was made whole as applied to his total investment.

There was evidence introduced by the plaintiff in the establishment of the fact

that defendants Stein, Sanders and Felderhoff Brothers Drilling Company were resident in the county of the suit and that the Zimmerer lease was located in the county of the suit. There was no evidence which established the residence of the Bar V Company. The extent of plaintiff's evidence to show the existence of a bona fide cause of action against the residents of the county of suit under his allegations of conspiracy and concealment of the sale transaction, and notice and knowledge of plaintiff's claim, was that when they decided to acquire the Zimmerer lease from Simon and Greenman they had seen plaintiff on the lease daily working it. Their testimony, however, established that said defendants believed he was merely the "pumper" on the lease, record title to which was in Simon and Greenman. The evidence reflects that plaintiff worked the lease prior to the agreement alleged by him and upon which he declared by his suit and there was nothing to indicate a change in his status. Furthermore, such evidence was indicative of the fact that the Cooke County defendants held no direct communication with the owners, Simon and Greenman, but enlisted the services of the Bar V Company to acquire the lease and then transfer it to them because they owned adjoining lease property and desired to conceal their interest in the hope of acquiring the property at a reduced price. There was no evidence of concealment or conspiracy as between the Cooke County defendants and other defendants.

Any cause of action of plaintiff as against the resident defendants, except it be by and through and derivative of their cause of action against Simon and Greenman, would be grounded in tort. From the evidence the court was entitled to conclude that plaintiff had no independent bona fide cause of action against them and that there was none existent as derivative.

In plaintiff's controverting affidavit he asserted his right to retain venue as to Simon under four of the exceptions to the general venue rule of Art. 1995, namely: Exception 14, "Lands"; Exception 12, "Lien"; Exception 4, "Defendants in different counties"; and Exception 29a, "Two or more defendants".

Under Exception 14 of Art. 1995 the venue facts are: (1) that the action is one for the recovery of an interest in land, *to be determined by reference to the petition*; and (2) that the land or a part thereof is situated in the county of suit. 1 McDonald's Texas Civil Practice, p. 488, "Venue", Sec. 4.22.2, "—(I) Nature of Plaintiff's Claim".

Under Exception 12 of Art. 1995 the venue facts are: (1) the nature of the suit is for foreclosure of a mortgage or other lien, *to be determined by reference to the petition*; and (2) the location of the property as being in the county of suit. 1 McDonald's Texas Civil Practice, pp. 481, 482, "Venue", Sec. 4.20, "Art. 1995(12). Foreclosure of Liens."

Under Exception 4 of Art. 1995 the venue facts are: (1) one defendant resides in the county of suit; (2) the plaintiff has a bona fide cause of action against such defendant; and (3) the non resident defendant asserting his privilege to have the suit as to him removed is at least a proper party to the cause of action against the resident defendant, *to be determined by reference to the petition.* 1 McDonald's Texas Civil Practice, p. 434, "Venue", Sec. 4.10.2, "—(II) Venue Facts."

Exception 29a is applicable only when an asserted cause of action is existent as against a non resident defendant other than that one asserting his privilege to have the suit as to him removed, and where he who asserts such privilege is a necessary party (i. e. one whose interest in the subject matter of the cause of action against the other non resident defendant is such that it will necessarily be affected by any judgment rendered),—and where the venue in the county of the suit is proper under some other exception to Art. 1995 as against the other non

resident. The plaintiff's controverting affidavit must allege, and plaintiff's independent evidence must establish, all facts which would entitle him to retain venue in the county of suit as against the other non resident defendant except those which are taken as admitted under the pleadings or which are to be considered as established as a matter of law by the allegations of the petition,—plus (determinable by reference to facts alleged in the petition) the fact that the complainant non resident defendant is a necessary party to the cause of action asserted against the other. 1 McDonald's Texas Civil Practice, p. 544, "Venue", Sec. 4.36, "Art. 1995 (29a). Necessary Parties."

█ That the other non resident defendant might have waived his right to question the venue of the action as to him will not deprive a protesting defendant of his right. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758 (1956). It follows, necessarily, that though the other non resident defendant might have questioned the venue of the action as to him in the trial court and have lost in such court but did not appeal, that the protesting defendant would not by reason thereof be deprived of his right.

There are cases that hold Exception 29a to be applicable only in connection with some other sustained (or sustainable as a matter of law) exception to Art. 1995. Hill v. Melton, 311 S.W.2d 496 (Dallas, Tex.Civ.App. 1958, dism.), noted in 12 S.W.L.J. 505 (1958).

█ For venue purposes, as applied to the express contract the court was entitled to and did presumably find, the only causes of action that theoretically possible as against Simon were: a suit to enforce specific performance of an oral contract to convey real estate and/or damages for the breach of such a contract,—or a suit to establish a joint venture or joint enterprise. In neither event would it be proper to hold that venue should be retained in the county of plaintiff's suit under the exception stated under subdivision 14 of Art. 1995.

In this connection a case in point is Milburn v. Minette, 278 S.W.2d 269 (El Paso, Tex.Civ.App. 1955, no writ hist.), though in that case there was no necessity to advert to evidence, the true situation being revealed by the pleadings. There, as here, the plaintiff alleged a trespass to try title suit, but later alleged an oral agreement between the plaintiff and defendant by which the plaintiff was to receive a fractional interest in an oil and gas lease after the operators had been repaid for development costs. The entire contract alleged by plaintiff was oral. The court, in affirming the trial court's judgment sustaining the defendant's plea of privilege to be sued in the county of his residence, held that the character of the lawsuit as a whole governed the matter of venue; and the inclusion of a trespass to try title plea did not change the character of the lawsuit; and that it was obvious that the plaintiff relied upon the existence of an oral contract; and that his interest in the lease depended upon proving its successful culmination. The holding was that venue did not lie under Exception 14.

█ We next examine the situation in view of Exception 12 to Art. 1995. By pleadings in the alternative the plaintiff asserted a cause of action for foreclosure of lien filed against the property because of Simon's default in payment of the agreed consideration for work performed on the mineral leasehold estate.

The evidence unmistakably reveals that plaintiff at all times claimed an express contract, in that he bartered his services for an interest in the lease. Though such an express contract might or not be legally enforceable, it can form no basis for implying a contract. Teague v. Edwards, 159 Tex. 94, 315 S.W.2d 950 (1958).

It is upon V.A.T.S. Title 90, "Liens", Ch. 3, "Oil and Mineral Property", Art. 5473, "Contractor's lien", that the plaintiff relies in his assertion that his suit in the alternative is for the foreclosure of a lien. The consideration contemplated to be deliverable by a defendant in such a case is gen-

erally money or its equivalent. Indeed, Art. 5478 (under the same Chapter), "Extent of liability of owner", provides that nothing in the chapter should be construed to fix a greater liability against the owner of the land or leasehold interest therein than the price or sum stipulated to be paid in the contract under which such material is furnished or labor performed. It follows that it would be because of the failure of such a defendant to deliver consideration which he was obliged under the contract to deliver that a plaintiff would be entitled to continue prosecution of a suit for fore-closure of a lien.

But the instant case, viewed as one where-in the plaintiff is bound to proceed under a theory of express contract, could not be a case where the consideration to be delivered over to him would be ascertainable as to amount or value, with foreclosure and sale ordered in the event of failure of satisfaction by the defendant Simon by delivery of the consideration found to have been due from him as by satisfaction of indebtedness. Demonstrated is the probability of artifice and design in seeking to establish that the suit is for foreclosure of a lien under a stat-ute which did not contemplate nor provide for applicability to a factual situation such as that before us.

In any event our holding is that the trial court, in view of its theoretical fact find-ings and conclusions, properly held that plaintiff held no valid lien against the prop-erty and hence the exception (Art. 1995, subdivision 12) was without application so as to entitle plaintiff to hold venue in the county of suit. To hold otherwise would be to make a suit to recover an interest in land out of one which all the authorities hold could not constitute such—through the de-vice of asserting that the "price" to be paid in order to avoid attachment of a lien secur-ing such payment was the conveyance of that very interest in land.

We next examine the situation in view of Exception 4 to Art. 1995. Upon this the trial court was entitled to and is presumed to have decided that the plaintiff failed to make proof obligatory upon him to establish the applicability of the exception. Though there was evidence that one or more defendants were resident in the county of the suit he failed to prove a prima facie cause of action against him or them. If in such conclusion we err, then—in view of Simon's pleading—at least such could not be said to have been established as a matter of law.

Furthermore, we note again the affirma-tive defense theory plead in the case, and the evidence which sufficed to support the trial court's conclusion that the only basis of plaintiff's suit as against Simon lay in an express oral contract allegedly made be-tween plaintiff and Simon, by which the lat-ter agreed to convey a one-fourth interest in the lease property. In this connection there would be no joint or closely related cause of action against Simon, as the non resident defendant, and against any of the resident defendants. No resident defendant had any occasion to be interested nor have any knowledge of any such agreement. The nature of the cause of action against the resident defendants could only have been one in tort, and that was not proved as against them as a matter of law.

Finally we examine the situation in view of Exception 29a to Art. 1995. It is not to be presumed that the retention of venue as to the defendant Greenman was necessarily grounded in the transaction relative to the Zimmerer lease in which Simon owned an interest. However, as applied to the Zim-merer lease the very things held hereinabove would apply to Greenman as well as Simon, i. e., that the right to hold venue as to Greenman did not exist under exceptions 14, 12, or 4. As noted hereinabove, Exception 29a would be applicable only in such an in-stance. It is, therefore, without effect to retain venue as to Simon.

Judgment is affirmed.