**Jordan B. KIRSHENBAUM, Appellant,**

v.

**Harold R. SMITH, Appellee.**

**No. 6250.**

Court of Civil Appeals of Texas, El Paso.

May 10, 1972.

Rehearing Denied May 31, 1972.

Kerr, Fitz-Gerald & Kerr, L. Lloyd MacDonald and William Monroe Kerr, Midland, for appellant.

Gibson & Darden, Charles A. Hotchkiss, Wichita Falls, for appellee.

## OPINION

WARD, Justice.

This is a venue case under Subdivision 14 of Article 1995, Vernon's Ann.Civ.St. All parties to the suit are non-residents of the State of Texas and are associated as partners or limited partners in Southmoor Manor Apartments, Ltd. The sole asset of the partnership is the business and property known as the Southmoor Manor Apartments, consisting of 116 apartment units which are situated in Wichita Falls, Texas. The plea of privilege was sustained and the case was ordered transferred from Midland to Wichita County. The judgment of the trial Court is reversed.

The suit grows out of difficulties in the management and operation of the

partnership. Appellant, Jordan B. Kirshenbaum, and Appellee, Harold R. Smith, are the only two general partners under the partnership agreement, the remaining ten being limited partners only. All partners, both limited and general, are non-residents and were joined as parties, and Appellee is the only defendant who asserted a plea of privilege. Eight of the limited partners appeared and adopted the allegations of plaintiff's petition. The two remaining limited partners defaulted. The mandatory feature of Subdivision 14 is available to the non-resident of the State who ordinarily would have no standing to urge the plea of privilege. 1 McDonald Tex.Civ.Prac. 487. The two venue facts which are controlling are before us. The plaintiff's original petition was admitted into evidence, and it was stipulated that the apartments and improvements are situated in Wichita County. The essential venue fact as to the nature of the cause of action must be determined by reference to the petition. Fannin Bank et al. v. Johnson, 432 S.W.2d 138 (Tex.Civ.App.—Houston 1968, writ dism'd). If the essential nature of the cause of action is to recover possession of the land and the permanent improvements located thereon, to prevent further waste and to recover damages occasioned by the waste, then the mandatory feature of Subdivision 14 operates. On the other hand, if its essential nature is for a dissolution of the partnership agreement, for an accounting, appointment of a receiver, and damages for breach of the partnership contract, then the non-resident defendant has no standing to urge his plea. Necessarily, a close examination of the plaintiff's petition is in order.

■ The petition asserts that all the parties are co-owners, holding as tenants in partnership Southmoor Manor Apartments in Wichita Falls, together with all machinery, equipment, furnishings and other personal property used in connection therewith. The tenancy in partnership was created under the Texas Uniform Partnership Act in December, 1969, designated the Appellant and Appellee as general partners and charged them with the duties of managing the properties and affairs of the partnership.

Paragraph 3 of the petition alleges that the Appellee has in his possession the partnership books and records, and that since February, 1971, he has refused to allow Appellant to have access to them or to permit them to be inspected or copied; he has refused to furnish information on the partnership and has excluded Appellant from the partnership business and possession of the properties. It further states that he has refused to account in any manner for partnership affairs, assets, income and expense, will not permit the Appellant to have any voice in the management, to which the Appellant has an equal right, and countermands all directions made by the Appellant to the actual manager of the properties.

By Paragraph 4, Appellant complains of the failure of the Appellee to distribute partnership income and to produce a proper accounting, in violation of the partnership agreement.

Paragraph 5 alleges that the Appellee has allowed an embezzlement of partnership assets to arise by a former employee, has not reported the embezzlement to the bonding company, and has done nothing to impose internal controls to prevent such occurrence in the future. It further asserts that Appellee is not maintaining, as required by good accounting procedure, partnership books and records which additionally are not being maintained in accordance with the contractual provisions of the deed of trust covering the property, and that a technical default has been created according to the terms of the deed of trust.

Paragraph 6 alleges that the conduct of Appellee shows that it is equitable that the partnership be dissolved, that the Court decree a dissolution of the partnership and designate the Appellant as the person and

partner with the right to wind up the partnership affairs.

Paragraph 7 requests a formal accounting from the Appellee after which all books and records are requested to be delivered to the Appellant.

Paragraph 8 asserts that if the Court determines that a dissolution of the partnership be not ordered that a receiver be appointed.

Paragraph 9 alleges that the Appellee has purchased furniture and furnishings of an inferior quality, has refused to permit necessary repairs to be made, and has paid inadequate wages, "as a consequence of which partnership assets have been wasted and partnership income reduced or diminished. These acts and refusals to act constitute negligence proximately resulting in damages to the partnership in the amount of $50,000.00, the amount by which the fair market value of partnership assets would have been increased but for such complained of acts and omissions."

The prayer for relief is for dissolution, for directing the Appellant to wind up the affairs, or in the alternative for the appointment of a receiver, for a formal accounting and for inspection of the books and records. Finally, it is prayed for judgment that the partnership do have and recover of and from the Appellee the sum of $50,000.00 as damages occasioned by the alleged negligent or willful acts or omissions of the Appellee.

■ A careful inspection of the plaintiff's petition in its entirety leads us to the conclusion that it is by all standards an equitable proceeding for a partnership accounting and dissolution. It is a transitory action rather than a local one and is a proceeding in personam and not in rem. Our case is controlled by Miller et al. v. Howell et al., 234 S.W.2d 925 (Tex.Civ.App.—Fort Worth 1950, n. w. h.). The case has been cited with approval many times and contains a close analysis of the cases in Texas and elsewhere. The conclusion in the case applies here:

"The suit is one of a kind which all the courts, except perhaps under unusual circumstances, have treated as a transitory action, one in personam and not in rem, and necessarily cognizable only in a court of equity, and not governed by the rules of venue which pertain to local actions, such as Subdivisions 12, 13 and 14 of Article 1995."

See generally 33 A.L.R.2d 914; 33 A.L.R. 2d Later Case Service 190. The real thrust or import of the suit is one for partnership accounting, appointment of a receiver and damages. The request to take possession of the properties and to prevent further wasting of the assets is incidental to the main suit. The distinction is pointed out in such cases as: Shellberg v. Shellberg et al., 428 S.W.2d 117 (Tex.Civ. App.—Fort Worth 1968, writ dism'd); Evans v. Speed, 339 S.W.2d 257 (Tex.Civ. App.—Fort Worth 1960, writ dism'd); Gritzman v. Hatfield, 439 S.W.2d 468 (Tex.Civ.App.—Dallas 1969, n. w. h.).

Miller et al. v. Howell et al. was decided before the adoption of the Texas Uniform Partnership Act. The Act leans heavily toward the idea that the partnership is an entity legally distinct from its partners. As pointed out by Bromberg in his comments to the Act, there is now a sharp line between a partner's interest in the partnership and his right in partnership property. The partner's interest in the partnership is personal property for all purposes, is the partner's individual property, quite independent of specific partnership property. It seems apparent, therefore, that in our case the issue of recovery of possession or title to land is now more foreign than it was prior to the adoption of the Act. It can be said that the issues asserted by the Appellant relate only to the rights and liabilities of the partners given and imposed by the Uniform Partnership Act.

We are in accord with the trial Court's concern that an unnecessary expense and effort may be incurred if an administration of the partnership assets located in Wichita County is undertaken by either of the proposed methods of the Appellant through the District Court sitting at Midland. However, these practical considerations are immaterial to the question presented.

The judgment of the trial Court is reversed, and judgment is here rendered overruling the plea of privilege.