### Melvin A. FERGUSON, Appellant,

v.

### W. A. WILLIAMSON, Jr., Appellee.

### No. 17223.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 21, 1978.

Gerald S. Gordon, Gary E. Parks, Houston, for appellant.

Parks, Keezel & Tradd, Alex Tradd, Bellaire, for appellee.

DOYLE, Justice.

This is an appeal from an order sustaining defendant's plea of privilege to be sued in Washington County, Texas, where he resided. Plaintiff, Melvin A. Ferguson, contends that since his suit is one for the recovery of land which is situated in Fort Bend County, Texas, venue should lie in such county by virtue of Subdivision 14 of Article 1995, V.A.T.S.

The record on appeal consists of the transcript only. Plaintiff relies on the sufficiency of his Original Petition to sustain his contention. Defendant filed a general denial, subject to his plea of privilege. Upon a request by plaintiff, the trial court filed Findings of Fact and Conclusions of Law which contained, inter alia, that "plaintiff's petition is not a suit for recovery of lands or damages thereto or to remove incumbrances upon title to land but is in fact merely for the sale or partition of assets".

The question before this court is whether or not plaintiff's suit, viewed from the pleadings only, brings it within the purview of Subdivision 14, Article 1995, which reads as follows:

Suits for the recovery of lands or damages thereto, or to remove incumberances

upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands must be brought in the county in which the land, or a part thereof, may lie.

It is undisputed that the subject land is located in Fort Bend County. The remaining venue fact to be proven is whether the suit is for the recovery of land. *Higginbotham-Bailey-Logan Co. v. Hancock*, 4 S.W.2d 583 (Tex.Civ.App.—Eastland 1928, no writ); *Edgar v. Bartek*, 507 S.W.2d 831 (Tex.Civ. App.—Corpus Christi 1974, writ dism'd); *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428 (1954); *Levinson v. Slater*, 565 S.W.2d 337 (Tex.Civ.App.—Corpus Christi 1978).

Plaintiff's Original Petition contains the following relevant paragraphs:

2.

"Plaintiff MELVIN A. FERGUSON, Defendant W. A. WILLIAMSON, JR., M.D., and Fred Williams entered into a joint venture on or before January 15, 1964, to purchase, improve and sell three tracts of land in Fort Bend County, Texas, described as:

Lots 36, 37, and 51, Venetian Estates, Fort Bend County, Texas.

3.

The terms of the joint venture between Plaintiff and Defendant were that the purchase price of the property and cost of materials would be advanced by Defendant with Plaintiff to provide all labor in connection with the improvements of the lots, in return for which, Plaintiff was to have a one-third interest in the profits received as a result of the sale of the improved lots. However, for the purpose of obtaining financing and convenience, the title of said property was to be taken in Defendant's name. Shortly after the formation of the joint venture, Fred Williams withdrew therefrom.

4.

On September 4th, 1964, by Warranty Deeds from Belkap Realty Company (recorded in Volume 457, pages 229, 232 of the Deed Records of Fort Bend County, Texas), the property was conveyed to Defendant for a consideration advanced by said Defendant.

5.

The purchase price and all expenses in connection with said acquisition were, in accordance with the verbal agreement of the parties, paid by Defendant and Plaintiff performed his services in connection with the improvements to the subject property. Plaintiff and Defendant used money and labor for the construction of improvements on said property, consisting of single family residences.

6.

It was agreed by Plaintiff and Defendant that upon completion of the improvements, said property would be sold and the proceeds divided between them on the basis of one-third each.

7.

Upon completion of the improvements on the subject lots, the market was such that ready, willing and able purchasers were unable to be found. Consequently, title to the subject lots and improvements was retained in Defendant, and the property was thereafter leased to various tenants. On or about February 7th, 1966, Defendant Williamson conveyed by warranty deed Lot 37 of Venetian Estates, Fort Bend County, Texas, to Don E. Williamson and wife. Said deed is recorded in Volume 472, page 630, of the Deed Records of Fort Bend County, Texas. The consideration for the above-described conveyance is unknown to the Plaintiff.

8.

Defendant now denies that Plaintiff has any interest in said property and refuses to sell or in any way or manner share the proceeds of such sale with the Plaintiff.

9.

The facts and circumstances contained herein show the establishment of a con-

structive trust with Defendant as Trustee and Plaintiff and Defendant as the beneficial owners of said property in the proportion of one-third each. The establishment of such trust is, under the provision of VATS, Article 7425b–2, exempted from the application of the Texas Trust Act.

10.

Plaintiff is entitled to a partition of the foregoing property so held by Defendant as Trustee as above set forth; however, as it cannot be equitably partitioned in kind, (1) the property should be sold for cash by private sale through a Receiver appointed by this Court, with Plaintiff receiving a one-third share of such proceeds; (2) in the event that the property has heretofore been sold by Defendant, Defendant should account to Plaintiff for one-third of the proceeds of any such sale: (3) alternatively, Defendant should be ordered to convey, free of any trust, one of the subject lots to Plaintiff.

WHEREFORE, Plaintiff prays that the Court (1) determine that the property above-described, together with the improvements hereon, is held by Defendant W. A. Williamson, Jr., M.D., in trust for the benefit of himself and Plaintiff, with Plaintiff being entitled to an undivided one-third interest in each of such lots; (2) order the sale of the property by private sale by Receiver appointed by this Court, for cash; (3) distribute one-third of the proceeds of such sale to Plaintiff; (4) order Defendant to account for Plaintiff for the proceeds of any sale of such property heretofore held; (5) grant to Plaintiff judgment for costs of Court and for such other and further relief to which he may be justly entitled."

■ In determining the nature of plaintiff's suit, the cases uniformly hold that we must look only to the facts as alleged in plaintiff's petition and therefrom garner what principal rights and relief are sought. *W. B. Johnson Drilling Co. v. Lacy,* 336 S.W.2d 230 (Tex.Civ.App.—Eastland 1960, no writ); *Wagner v. Pulliam,* 361 S.W.2d 470 (Tex.Civ.App.—Eastland 1962, no writ); *Pickins v. Langford,* 270 S.W.2d 285 (Tex.

Civ.App.—San Antonio 1954, no writ); *Renwar Oil Corp. v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774 (1955); *Miller v. Howell,* 234 S.W.2d 925 (Tex.Civ.App.—Fort Worth, 1950, no writ).

■ In the Miller case, supra, the suit involved the settlement of partnership assets which included realty. Plaintiff therein sought to fix venue where the realty was located. The court in denying plaintiff's plea of privilege, determined from the pleadings that the suit was in fact a bill of equity for accounting and division of partnership assets and that any sale or partition of land was incidental to the principal relief sought. The holdings of the courts of *Gold v. Simon,* 424 S.W.2d 32 (Tex.Civ.App.—Fort Worth 1968, no writ); *Kirshenbaum v. Smith,* 480 S.W.2d 500 (Tex.Civ.App.—El Paso 1972, no writ); and *Milburn v. Minette,* 278 S.W.2d 269 (Tex.Civ.App.—El Paso 1955, no writ), support the provisions that in venue cases, such as the one before this court, the petition must allege such facts as will show that the principal relief sought is for the recovery of an interest in land as opposed to an accounting and division of partnership or joint adventure assets. From plaintiff's pleadings, we find that the main thrust of his suit is for the sale and partition of assets which include some land together with an accounting for any land previously sold, and hence is not a suit involving realty within the meaning of Subdivision 14 of Article 1995.

Plaintiff's second and third points of error are interdependent and will be considered together. The central argument of his contention is that the court erred in failing to find that plaintiff's suit was for partition of land under Subdivision 13, Article 1995, and that a constructive trust should have been imposed upon the real property located in Fort Bend County, Texas.

The court in the Miller case, supra, said:

When we look at all the allegations of plaintiffs' petition, and interpret them so as to make them as harmonious as possible, and look for the principal rights as-

serted and the relief sought, we have to construe it as a bill in equity, cast in the mold recognized by countless decisions, having for its purpose an adjudication of the creation of the partnership and its dissolution, and an accounting as to all of its affairs.

The court further held that:

The suit is one of a kind which all the courts, except perhaps under unusual circumstances, have treated as a transitory action, one in personam and not in rem, and necessarily cognizable only in a court of equity, and not governed by the rules of venue which pertain to local actions, such as Subdivisions 12, 13 and 14 of Article 1995.

We have carefully read and considered each of the pertinent paragraphs of plaintiff's Original Petition and the points of error urged and have concluded that the order of the trial court sustaining defendant's plea of privilege is correct.

The judgment is affirmed.

COLEMAN, C. J., and PEDEN, J., concur.