C. R. ROYAL, Appellant,

v.

M. E. MOORE et al., Appellees,

No. 17357.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 5, 1979.

Frank Puckett, Jr., Ben L. Adams, Jr., K. D. Keenan, Houston, for appellant.

Seeligson, Douglass & Falconer, William F. Douglass, Dallas, for appellees; Weitinger, Steelhammer & Tucker, Don Weitinger, Houston, of counsel.

Before COLEMAN, C. J., and WALLACE and PEDEN, JJ.

WALLACE, Justice.

This is an appeal from an order of the trial court sustaining pleas of privilege of appellees Moore and Transportation Properties, Inc., and transferring the suit against them to Dallas County.

On January 1, 1971 J. Larry Morris, R. A. Lile, individually and as trustee, Bill M. Griffis, trustee, M. E. Moore and R. D. Rawn entered into a partnership agreement under the name of Paseo Apartment Development Co. The pertinent parts of the agreement are:

"3. PLACE OF BUSINESS. The partnership business is to be carried on at 6300 West Park Mall, Suite 300, Houston, Harris County, Texas."

"8. BOOKS OF ACCOUNT. Books of account of the partnership shall be kept

at the place of business, and shall be at all times open to the inspection of any partner. Each partner shall cause to be entered upon said books a just and true account of all of his dealings, receipts, and expenditures for or on account of the partnership."

"9. ANNUAL ACCOUNTING AND INVENTORY. As soon as practicable after the end of each year an independent audit shall be made of the partnership books and accounts by a certified public accountant, who shall make statements for each of the partners, and an accounting between the partners shall be had, and the profits or losses of the preceding year shall then be divided and paid or contributed. The fiscal year shall begin on the first day of January of each year."

The partnership acquired three tracts of land and erected 570 apartment units on one of the tracts.

On April 18, 1972 the partnership agreement was amended to show appellant as owner of 12½% interest therein, this interest being ½ of the 25% owned by Bill M. Griffis, trustee. There were various other changes in the parties of interest in the partnership and the extent of their interests, which changes are not important for purposes of this appeal.

On January 2, 1973 the partnership was amended, over the objection of appellant, to provide that the owners of a majority of the partnership interest could convey partnership property without the consent of the remaining partners. On November 15, 1977 the appellees, M. E. Moore and Transportation Properties, Inc., joined by the defendant Bill M. Griffis, and other owners of interests in the partnership, transferred the tract of land containing 570 apartment units to the defendant Lilac Corporation.

On December 9, 1977 appellant filed suit for a partnership accounting, an injunction against further transfer of partnership property, and for 12% of the partnership assets or damages in lieu thereof. Appellees filed pleas of privilege and appellant filed controverting affidavits alleging venue in Harris County under Article 1995,

Sections 4, 5, 14 and 29a, V.A.C.S. Bill M. Griffis is the only named defendant who is a resident of Harris County, Texas.

Appellant's first point of error complains of the trial court's action in not sustaining venue in Harris County under Section 4 of Article 1995. Said Article provides:

". . . if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides . . ."

The test for review of the trial court's decision in a case such as this is set out in *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959), where the Supreme Court stated that ". . . every reasonable intendment must be resolved in favor of the trial court's judgment."

The requirements to sustain venue under Section 4 of Article 1995, V.A.C.S. are (1) one defendant resides in the county of suit, (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant and (3) the plaintiff has a bona fide claim against the resident defendant. *O. P. Leonard Trust v. Hare*, 305 S.W.2d 833 (Tex.Civ.App.—Texarkana 1957, err. dism'd).

It is undisputed that requirements 1 and 2 above were met by appellant. In *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936) the court held that the plaintiff, in order to comply with requirement no. 3 above, must plead and *prove* his cause of action against the resident defendant.

We find that appellant's first amended original petition was sufficient to allege a cause of action against Bill M. Griffis. He is a named defendant and the petition alleges a refusal of *defendants* to permit him access to the partnership books and to render an annual accounting as required by the partnership agreement. It further alleges that *defendants* are negotiating for the sale of more partnership land in violation of the partnership agreement. Thus, the trial court's judgment must have been based on a finding that a cause of action against Bill M. Griffis was not prov-

en. We must resolve every reasonable intendment in favor of the trial court's finding. This is equivalent of a "no evidence" point which means that we must look only to the evidence in support of the trial court's judgment and view it in the light most favorable to his holding. *Fox v. Boese*, 566 S.W.2d 682 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref. n. r. e.)

■ Appellant's cause of action against Bill M. Griffis is based upon his alleged (1) refusal to grant access to the partnership books, (2) refusal to render a partnership accounting, and (3) threat to dispose of partnership property. As to refusal to grant access to the books or to render an accounting, appellant testified that Bill M. Griffis had access to the books of the partnership for an interim period, but his testimony is not clear as to whether any request was made of Griffis during the period he had such access. The trial court could have interpreted his testimony to mean that he made all such requests to R. A. Lile, who took over management of the partnership assets and the books from Mr. Griffis. In response to a question from Mr. Griffis' attorney, the appellant testified as follows: (referring to Mr. Griffis)

Q. You are not saying he has done anything to you?

A. I have no knowledge of anything he had done, no.

On direct examination Bill M. Griffis testified that he, Appellant and Lile agreed that he would be interim manager of the partnership property until Mr. Lile and Lincoln Properties took over. He denied having custody of the books but later testified that in response to a request from Appellee Moore, who was apparently being audited by IRS and had requested the books, he packed them in five separate cartons and sent them to Mr. Moore in Dallas. His testimony was:

Q. Did you ever take custody of the partnership books?

A. Never. They were sent to Dallas and that is all I know about handling the books.

We find that, based on the evidence, the trial court did not err in holding that Bill M. Griffis did not refuse access to the books or to render an accounting to appellant.

There is a complete absence in the record of any threat by anyone to dispose of any further partnership land.

The only basis upon which appellant can sustain venue in Harris County under Section 4, Article 1995, V.A.C.S., under the facts of this case, is that his testimony that he is demanding an accounting constitutes, as a matter of law, a cause of action against Griffis, merely because Griffis is a partner.

■ In *Park v. Wood*, 146 Tex. 62, 203 S.W.2d 204 (1947) our Supreme Court held that a suit for an accounting and for specific performance of a partnership agreement was not sufficient to sustain venue in Tarrant County as against a Harris County resident, merely because a Tarrant County resident was a member of the partnership and was a named defendant. We hold that the Park decision controls in this case.

■ Appellant's second point complains of error by the trial court in holding that the provision in the partnership agreement which provided "the partnership business is to be carried on at 6300 West Park Mall, Suite 300, Houston, Harris County, Texas" does not come within the purview of Article 1995, Section 5, V.A.C.S. Appellant cites no authority for his position, and we can find none. A partnership has no residence for venue purposes other than the residence of the partners. *McCall v. Sadler*, 467 S.W.2d 216 (Tex.Civ.App.—Eastland 1971, no writ hist.). Appellant's second point is overruled.

Appellant's third point of error is directed to the trial court's refusal to find that venue was properly in Harris County under Article 1995, Section 14, V.A.C.S., in that his cause of action involves title to real estate located in Harris County. Appellant's first amended original petition prays for the following, (1) a partition of partnership assets, i. e. a tract of land, (2) an accounting of the assets and liabilities of the partnership, (3) an injunction against

disposal of land belonging to the partnership, (4) 12½% of the partnership assets or damages in lieu thereof.

■ In determining the nature of a plaintiff's suit we must look to the facts as alleged in plaintiff's petition and therefrom garner what principal rights and relief are sought. *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955), *W. B. Johnson Drilling Co. v. Lacy*, 336 S.W.2d 230 (Tex.Civ.App.—Eastland 1962 no writ hist.); *Miller v. Howell*, 234 S.W.2d 925 (Tex.Civ. App.—Fort Worth 1950 no writ hist.). To sustain venue under Article 1995, Section 14, V.A.C.S., plaintiff's petition must state a cause of action principally for recovery of an interest in land, as opposed to an accounting and division of partnership assets. *Gold v. Simon*, 424 S.W.2d 32 (Tex. Civ.App.—Fort Worth 1968, no writ hist.); *Kirshenbaum v. Smith*, 480 S.W.2d 500 (Tex.Civ.App.—El Paso 1972, no writ hist.); *Milburn v. Minette*, 278 S.W.2d 269 (Tex. Civ.App.—El Paso 1955, no writ hist.).

■ From a careful reading of appellant's pleadings we hold that the principal relief sought was an accounting of partnership assets, an injunction against further disposing of partnership realty and for damages. His prayer for title to any real estate is secondary to his main cause of action. The parties stipulated in the trial court that the three tracts of land in question were assets of the corporation. Therefore, Appellant's interest in the land was thus as an asset of the partnership and personal property for all purposes. Article 6132b, Sec. 26, V.A.T.S. Appellant's third point of error is thus overruled.

Finding no error in the judgment of the trial court it is affirmed.