**Richard M. FINDER, Appellant,**

v.

**Harold E. O'CONNOR, Appellant.**

No. 20734.

Court of Civil Appeals of Texas, Dallas.

April 1, 1981.

Rehearing Denied April 29, 1981.

Elton M. Montgomery, Jennings, Montgomery, Dies & Turner, Graham, for appellant.

Jack Simpson, Jr., The Carlton Firm, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and CARVER, JJ.

CARVER, Justice.

Richard M. Finder, defendant below, appeals from a trial court order overruling his plea of privilege under subdivision 14 of article 1995. Finder contends that since the petition seeks title to certain overriding

royalty interests in oil and gas properties in Young County, Texas, venue can only lie in Young County. O'Connor responds that since the suit is essentially one to establish a joint venture and for breach of fiduciary duty (and only incidentally requests the imposition of a constructive trust on the royalty interests), it is not governed by that venue provision. We agree with O'Connor and therefore affirm.

■ Article 1995, subdivision 14, reads as follows:

Suits for recovery of lands or damages thereto or to remove encumbrances upon the title to the land, or to quiet the title to land, or prevent or stay waste on land, must be brought in the county in which the land, or a part thereof, may lie.

It is undisputed in this case that some of the oil and gas properties here involved are located in Young County, Texas. The issue then becomes: is this a suit for recovery of land? It is well settled that in determining the nature of plaintiff's suit, we must look "to the facts alleged in plaintiff's petition and therefrom garner what principal rights and relief are sought." *Royal v. Moore*, 580 S.W.2d 159, 163 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) citing *Renwar Oil Corp. v. Lancaster*, 154 Tex. 311, 276 S.W.2d 774 (1955); *Ferguson v. Williamson*, 576 S.W.2d 123 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). The *Ferguson* case, like the case at bar, involved a joint venture where one joint venturer denied that plaintiff had any interest in the real property. Plaintiff brought an action for accounting and asked that the property be held in a constructive trust. The court held that in venue cases "the petition must allege such facts as will show the *principal relief* sought is for the recovery of an interest in land as opposed to an accounting and division of partnership or joint adventure assets." *Id.* at 125 [emphasis added]. Based on that test the court held that since "the main thrust of his suit is for the sale and partition of assets which include land together with an accounting of land previously sold, [it] is not a suit involving realty within the meaning of subdivision 14 of article 1995."

*Id.* at 125. Finder argues that the *Ferguson* opinion should not be followed because it represents a substantial departure from previous law. We disagree. We find support for its holding in cases such as: *W. B. Johnson Drilling Co. v. Lacy*, 336 S.W.2d 230 (Tex.Civ.App.—Eastland 1960, no writ); *Gold v. Simon*, 424 S.W.2d 32 (Tex.Civ.App.—Fort Worth 1968, no writ); *Kirshenbaum v. Smith*, 480 S.W.2d 500 (Tex.Civ.App.—El Paso 1972, no writ); and *Milburn v. Minette*, 278 S.W.2d 269 (Tex.Civ.App.—El Paso 1955, no writ). In *Lacy, supra*, the court stated, "The rule is that where venue is sought to be established by reason of the nature of a suit that question is determined by the nature of the *principal right* asserted in plaintiff's petition and the relief sought for breach thereof." *Id.* at 234 [emphasis added]. Moreover, in *Milburn* the plaintiff alleged a trespass to try title suit, but later alleged an oral agreement between plaintiff and defendant by which the plaintiff was to receive a fractional interest in an oil and gas lease after the operators had been repaid for development costs. The court affirmed the judgment sustaining the defendant's plea of privilege to be sued in the county of his residence stating, "it has been well settled that the character of the lawsuit as a whole governs the matter of venue, and the inclusion of a trespass to try title plea or element cannot by itself change the character of the lawsuit." 278 S.W.2d at 270.

■ In keeping with the foregoing authorities, we must examine plaintiff's petition to determine what is the "principal relief sought." The petition alleges the existence of a joint venture between Finder and O'Connor to acquire, lease, develop and sell oil and gas properties and alleges that by reason of this joint venture Finder owed O'Connor a fiduciary duty. Moreover, O'Connor's petition claims that Finder breached this duty by secreting certain transactions (one of which occurred in Young County and is specifically described) which should have been included in the joint venture. O'Connor then requests an accounting for each transaction and also requests an imposition of a constructive

trust on the oil and gas overriding royalty acquired in the Young County transaction.

It is clear from the allegations of this petition that Finder primarily seeks to prove the existence of the joint venture and the breach of duty by O'Connor. If Finder is successful, his incidental claim to the royalties is likewise successful. Consequently, Finder's suit does not seek as its principal relief the recovery of land within the meaning of subdivision 14 of article 1995.

Affirmed.