Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00118-CV

Senovio **FLORES**,
Appellant

v.

Thomas **FLORES**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-18960
Honorable Karen H. Pozza, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: August 17, 2011

AFFIRMED

Senovio Flores brings this restricted appeal from a post-answer default judgment. The underlying suit involves a dispute between Senovio and his brother, Thomas Flores, regarding their alleged agreement to purchase and develop property together. The trial court rendered judgment in favor of Thomas. On appeal, we address procedural, substantive, and evidentiary issues. We affirm the trial court's judgment.

**BACKGROUND**

Senovio and his brother Thomas entered into a partnership to acquire, develop, and sell several tracts of real property. The parties agreed Thomas would provide working capital to the partnership and that his engineering company, Flores & Company, Inc., would furnish engineering services to enhance the investment properties' marketability. Senovio was responsible under the parties' agreement to hold the investment properties in his name, market the property, and ensure all taxes were paid on the properties. Senovio failed to uphold his partnership obligations and, as a result of his failure to ensure all taxes were paid on the investment properties, liens were placed against the partnership's properties and various taxing entities initiated foreclosure proceedings.

Thomas filed suit against Senovio after he learned about Senovio's conduct, seeking to establish the existence and assets of the partnership and the rights of the parties. He also sought imposition of a constructive trust on the properties acquired in Senovio's name for the benefit of the partnership. After Senovio filed his answer, Flores & Company filed a plea in intervention seeking damages for the value of the engineering services it had furnished in connection with the development of the partnership's properties. Following Senovio's answer to the plea in intervention, defense counsel notified Senovio that he intended to withdraw as his counsel and filed a motion to withdraw with the trial court. Counsel's motion to withdraw stated he served the motion upon Senovio at his last known address of 2211 Fresno Dr., San Antonio, Texas 78201.

After the trial court granted Senovio's counsel's motion to withdraw, Thomas filed a motion and order to set a non-jury trial for August 18, 2009. Thomas's counsel attached a certificate of service to the motion and order, stating that he had served Senovio by certified

mail, return receipt requested. The address listed for Senovio in the certificate of service was Senovio's last known address of 2211 Fresno Dr., San Antonio, Texas 78201. When Senovio failed to appear for trial on August 18, the trial court entered a default judgment against him. Senovio did not file any post-judgment motions or request for findings of fact and conclusions of law. Nor did he perfect an appeal within thirty days of the trial court's judgment. Within the time for perfecting a restricted appeal, however, Senovio filed a notice of restricted appeal.

RESTRICTED APPEALS

A party who did not participate in a hearing, either in person or through counsel, and who did not timely file an appeal may file a restricted appeal. TEX. R. APP. P. 30. To secure a reversal of an underlying judgment by restricted appeal, the appellant must demonstrate: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he neither participated in the hearing that resulted in the judgment complained of, nor timely filed any post-judgment motions or requests for findings of fact and conclusions of law; and (4) any error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *see Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record for purposes of a restricted appeal consists of all the papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

In this case, it is uncontested that Senovio filed a notice of appeal within six months of the judgment, was a party to the underlying suit, and neither participated in the hearing that resulted in the judgment complained of nor timely filed any post-judgment motions or requests for findings of fact and conclusions of law. Thus, the only contested issue on appeal is whether any error is apparent on the face of the record.

## DISCUSSION

### A.  Inadequate Record of the Default Judgment Hearing

Senovio claims error appears on the face of the record because the trial court allowed Thomas to withdraw the fifteen exhibits he introduced as evidence at the default judgment hearing without requiring Thomas to comply with the requirements of Rule 75b of the Texas Rules of Civil Procedure.  *See* TEX. R. CIV. P. 75b(a) (stating all "exhibits admitted in evidence or tendered on bill of exception shall . . . remain at all times in the clerk's office or in the court or in the custody of the clerk except . . . [t]he court may by order entered on the minutes allow a filed exhibit to be withdrawn by any party only upon such party's leaving on file a certified, photo, or other reproduced copy of such exhibit.").  He asserts that without the exhibits in question, there is "an improper record for review."

During the pendency of this appeal, the court reporter filed a supplemental reporter's record containing the fifteen exhibits that Thomas withdrew after the default judgment hearing. In his reply brief, Senovio objects to our consideration of these exhibits.  We, however, find nothing that precludes our consideration of the exhibits.  Moreover, no question is raised regarding the truth, correctness, or accuracy of the exhibits contained within the supplemental reporter's record.  Given the supplementation of the record with the exhibits in question, a thorough review of Senovio's complaints can occur.  Accordingly, we overrule Senovio's first issue on appeal.

### B.  Lack of Notice

Senovio contends the trial court erred in granting a post-answer default judgment because he did not receive notice of the August 18, 2009 non-jury trial setting.  We presume a trial court will hear a case only after the parties have received proper notice.  *Boateng v. Trailblazer Health*

*Enters., L.L.C.*, 171 S.W.3d 481, 492, n. 4 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Under Texas Rule of Civil Procedure 21a, notice may be served by delivering a copy to the party or the party's attorney of record either in person, by agent, or by certified or registered mail. TEX. R. CIV. P. 21a. A defendant who makes an appearance following service of process is entitled to notice of the trial setting as a matter of constitutional due process. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989) (per curiam). "A lack of notice, however, does not necessarily void the trial court's judgment because due process requires that the method of service be reasonably calculated, under the circumstances, to apprise interested parties of the proceeding and afford them an opportunity to present objections." *Morse v. Black*, No. 03-08-00785-CV, 2009 WL 2476686, at *2 (Tex. App.—Austin Aug. 12, 2009, no pet.) (mem. op.).

The record establishes that approximately seven months after Thomas filed his original petition against Senovio, Senovio's counsel moved to withdraw. Counsel's motion to withdraw stated the motion was served upon Senovio at his last known address of 2211 Fresno Dr., San Antonio, Texas 78201. After the trial court granted counsel's motion, Thomas filed a motion and order to set a non-jury trial for August 18, 2009 and attached a certificate of service to his motion and order, stating he had served Senovio by certified mail, return receipt requested. The address listed for Senovio in the certificate of service was Senovio's last known address of 2211 Fresno Dr., San Antonio, Texas 78201.[1]

"A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a. "[N]otice properly sent pursuant to Rule 21a raises a presumption

---

[1] There is nothing in the record showing that Senovio ever informed the trial court or Thomas that his address had changed.

that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). The presumption may be rebutted by an offer of proof that the notice was not received, but "[i]n the absence of evidence to the contrary, the presumption has the force of a rule of law." *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). Accordingly, the certificate of service filed by Thomas pursuant to Rule 21a created a presumption that Senovio received notice of the August 18, 2009 trial setting. *See Mathis*, 166 S.W.3d at 745.

Senovio counters that Rule 21a's presumption does not apply in this case because Thomas knew the address he identified in his certificate of service was not Senovio's current address. As support for this contention, Senovio cites Thomas's testimony from the default judgment hearing. When asked "what the situation is as of this moment," Thomas responded to counsel's question as follows:

> [r]ight now, I believe my brother is homeless, has lost . . . his home . . . I'm not positive, but I understand he may be living in some kind of VA facility over near Hudnell and Highway 90. I don't know if there is one there or not. That's what I was told.

Senovio, in essence, asks us to infer from Thomas's remarks that service did not occur. Error that is merely inferred, however, will not suffice for purposes of a restricted appeal. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (stating a restricted appeal requires error that is apparent, not error that may be inferred). Further, we note that Senovio did not produce any evidence that he did not receive notice of the setting. Without evidence clearly establishing his lack of notice, we reject Senovio's argument and overrule his second issue on appeal.

### C. Judgment Not In Accord With the Pleadings

Senovio also complains error appears on the face of the record because no pleadings support the trial court's award of $141,400 in damages to Thomas for the engineering services performed by Flores & Company. He asserts the trial court was required to award such damages to Flores

& Company, as opposed to Thomas, in order to conform to the pleadings in this case. Contrary to Senovio's contention, however, the record does not affirmatively demonstrate that the trial court's judgment erroneously awards monetary damages to Thomas that should have been awarded to Flores & Company.

A default judgment, like all judgments, must conform to the pleadings. TEX. R. CIV. P. 301; *see Mullen v. Roberts*, 423 S.W.2d 576, 579 (Tex. 1968). Flores & Company's live pleading, its plea in intervention, provides:

> As the sole and controlling shareholder of Flores & Company, Inc., [plaintiff] Tom Flores is entitled to the benefit of any judgment or interest established by virtue of the services provided by intervenor. Intervenor requests judgment in its favor, *or alternatively, in the favor of Plaintiff*, for the reasonable value of the services provided and for the benefit of the parties and their respective ownership interest in and to the properties.

(emphasis added). The trial court's award of damages to Thomas for the engineering services provided by Flores & Company is entirely consistent with the relief requested by the intervenor in its live trial pleading. As a result, error is not apparent from the face of the record. Senovio's third issue on appeal is therefore overruled.

### D. Improper Use of the Declaratory Judgment Statute

Next, Senovio argues error appears on the face of the record because Thomas's suit for declaratory relief was improper because it raised title issues that needed to be adjudicated in a trespass to try title suit. The Texas Declaratory Judgments Act provides that "[a] person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument [or] contract . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). By contrast, a trespass to try title suit is "the method of

determining title to lands, tenements, and other real property." Tex. Prop. Code Ann. § 22.001(a) (West 2000); *see Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004).

The pleadings in this case allege the existence of a partnership between Thomas and Senovio to acquire, develop, and sell several tracts of land. The pleadings allege Senovio owed Thomas a fiduciary duty in light of their partnership arrangement and that Senovio breached his duty "by allowing other liens to be placed on the Property and imperiling ownership of it by failing to pay property taxes due and owing." Thomas's petition essentially asks the trial court to determine the existence of the partnership, the assets of it, and the rights of the parties. Thomas's petition also seeks the imposition of a constructive trust on the investment properties acquired in Senovio's name for the benefit of the partnership.

It is apparent from the parties' pleadings that the underlying litigation does not directly involve a question of title as suggested by Senovio, because the central issue of the case goes to the existence of a partnership and the extent of the parties' interest in the partnership. Accordingly, we conclude the face of the record does not establish that Thomas was required to pursue his action as a trespass to try title suit as opposed to a declaratory judgment action. *Cf. Finder v. O'Conner*, 615 S.W.2d 283, 284-85 (Tex. Civ. App.—Dallas 1981, writ dism'd) (deciding, for purposes of venue, that principal relief sought was not for the recovery of an interest in land, but to prove the existence of a joint venture and a breach of fiduciary duty by the defendant). Senovio's fourth issue on appeal is overruled.

### E. Sufficiency of the Evidence

Finally, Senovio claims error is apparent from the face of the record because the evidence is insufficient to support the trial court's default judgment in favor of Thomas. It is well settled

that an appellant in a restricted appeal may challenge the legal and factual sufficiency of the evidence to support the trial court's judgment. *Norman Commc'ns*, 955 S.W.2d at 270.

First, Senovio contends the evidence is insufficient to support the trial court's default judgment because the appellate record does not contain any of the exhibits relating to the issue of damages that Thomas introduced at the default judgment hearing and Thomas's testimony about damages "does not square with the money stated in the judgment." As previously noted, the record contains all of the exhibits introduced at the default judgment hearing. These exhibits, along with Thomas's testimony, afforded the trial court with sufficient details about the nature of the damages flowing from Senovio's conduct. Because there is evidence to support each of the damage amounts awarded by the court, we reject Senovio's contention.

Second, Senovio contends the evidence is insufficient to support the trial court's default judgment because Thomas failed to establish the existence of a partnership. Senovio provides no explanatory argument for this contention, except for a single reference to *Ingram v. Deere*, 288 S.W.3d 886 (Tex. 2009) and the statement "the record is not detailed regarding the existence of a partnership."

> [I]t is Appellant's burden to discuss his assertions of error, and we have no duty-or even right-to perform an independent review of the record and applicable law to determine whether there was error. Appellant's argument should also explain why the law stated in the cited authorities is applicable to the facts of the case and why it supports the party's position.

*Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010, no pet.) (citations omitted). Although Senovio provides a citation to a case, he fails to support his sufficiency contention by applying the law of the case to the facts established in the record. Consequently, we conclude Senovio has waived his contention. *See* TEX. R. APP. P. 38.1(i); *Hernandez*, 318 S.W.3d at 466.

Even if Senovio had not waived this contention, we believe it lacks merit because the record contains evidence to support the existence of a partnership between Thomas and Senovio. Texas law defines a partnership as "an association of two or more persons to carry on a business for profit as owners." TEX. BUS. ORGS. CODE ANN. § 152.051(b) (West 2010). In determining whether a partnership was formed, courts look to five factors: (1) the receipt or right to receive a share of profits, (2) the expression of an intent to be partners, (3) the right to participate in control of the business, (4) an agreement to share losses or liabilities, and (5) an agreement to contribute money or property to the business. *Id.* § 152.052(a) (West 2010); *Ingram*, 288 S.W.3d at 894, 898-903. No one factor is dispositive, and courts apply a "totality of the circumstances test" in their formation analysis. *Ingram*, 288 S.W.3d at 898. Under this test, conclusive evidence as to all five factors establishes the existence of a partnership as a matter of law. *Id*. Likewise, the absence of all five factors preludes the recognition of a partnership as a matter of law. *Id*. When a party offers conclusive evidence of just one factor, that "normally is insufficient to establish the existence of a partnership." *Id*.

It appears from the record that Thomas controlled the engineering aspects of the partnership, contributed significant amounts of money to the partnership, and had the right to an equal share of the profits from the sale of the partnership's investment properties. Based on the evidence before the trial court, we believe the record supports the existence of a partnership between Senovio and Thomas.

Third, Senovio contends the evidence is insufficient to support the trial court's default judgment because "[t]here is no evidence of the metes and bounds and legal descriptions of the properties in the judgment" and "[t]here is no separation of the amounts of money that Thomas allegedly invested in each property." Senovio provides no substantive analysis or citations to

any authority in support of these contentions. "Absent citation to appropriate legal authority, coupled with legal analysis relating the cited authority to the facts of the case[,]" *see Frontera Sanitation, L.L.C.* v. *Cervantes*, No. 08-08-00330-CV, 2011 WL 1157559, at *6 (Tex. App.—El Paso Mar. 30, 2011, no pet.), Senovio has presented nothing for us to review.

Fourth, Senovio contends the evidence is insufficient to support the trial court's default judgment because there is no basis to support the imposition of a constructive trust on the partnership's investment properties. "The equitable remedy of constructive trust is broad and flexible." *Newman v. Link*, 866 S.W.2d 721, 725 (Tex. App.—Houston [14th Dist.] 1993), *writ denied*, 889 S.W.2d 288 (Tex. 1994) (per curiam). A constructive trust is an equitable remedy that is "imposed by law because the person holding title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property." *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401, 405 (1960). Courts have recognized that constructive trusts are "used, among other things, to adjust rights of partners." *Id.* Constructive trusts are often imposed when there is "constructive fraud based on a breach of a fiduciary duty or actual fraud."[2]

As discussed above, the record amply evidences a partnership relationship existed between Senovio and Thomas. Case law indicates that a fiduciary duty arises from formal relationships like the partnership between Senovio and Thomas. *See Consolidated Bearing & Supply Co. v. F. Nat'l Bank*, 720 S.W.2d 647, 649 (Tex. App.—Amarillo 1986, no writ). Thus, once the trial court made a finding that Senovio had breached his fiduciary duty to Thomas in connection with their partnership, the court had sufficient basis to impose a constructive trust on

---

[2] *Hoggett v. Brown*, 971 S.W.2d 472, 494 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). "[C]onstructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law decrees fraudulent because of its tendency to deceive others, to violate confidence or to injure public interests." *Castleberry v. Branscum*, 721 S.W.2d 270, 273 (Tex. 1986).

the investment properties held in Senovio's name.  We are not persuaded by any of Senovio's sufficiency complaints on appeal and overrule his fifth issue.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.


Catherine Stone, Chief Justice