NO. 07-06-0218-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 14, 2008
_____

KAREN GORE, APPELLANT

V.

JAINABA FAYE, APPELLEE
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-527,298; HONORABLE WILLIAM SOWDER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK,[1] JJ.


**OPINION**


Appellant Karen Gore appeals from a judgment in favor of appellee Jainaba Faye

following a jury trial in a personal injury suit.  Gore contends on appeal the trial court was

required by section 41.0105 of the Texas Civil Practice & Remedies Code[2] to allow

---

[1]  Justice Hancock not participating.  Texas Rule of Appellate Procedure 41.1(b).

[2]  Enacted in 2003, section 41.0105 provides: "In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant."  Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (Vernon Supp. 2007).

Hereafter in this opinion we will refer to it simply as "section 41.0105."

evidence before the jury of payments and discounts applied on Faye's medical bills, and erred by keeping this evidence from the jury. Finding no abuse of discretion in the court's action, we affirm.

## Background

Faye and Gore were the drivers of vehicles that collided in Lubbock, Texas. Seeking recovery for her personal injuries, and alleging Gore's negligence proximately caused her injuries, Faye brought suit against Gore.

In her amended answer to Faye's suit, Gore plead that, pursuant to section 41.0105, Faye's recovery for medical expenses was limited to the amounts of reasonable and necessary medical expenses "which were paid and accepted rather than the total of the charged medical expenses." Alternatively, Gore plead, she was entitled to a credit against any medical expense damage award for amounts "not charged to [Faye], amounts written off or discounted, or, in any event, in an amount equal to the difference between the total charges and the sum which was paid and accepted as payment in full." Gore made the same allegations in a separate paragraph of her answer addressed "to the Court only."

At trial, Faye presented, without objection, evidence of the amounts charged by four healthcare providers for treatment of her injuries. The evidence was in the form of statutory affidavits[3] that included opinions the services were necessary and the charges reasonable, and included itemized statements from the providers. The four providers, their

---

[3] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 18.001, 18.002 (Vernon 1997).

2

charges and services were University Medical Center (UMC), $573.80 for ambulance services; Covenant Health System (Covenant), $2,690.30 for emergency medical treatment; Lubbock Diagnostic Radiology, L.L.P., (Lubbock Radiology), $248.00 for x-ray and diagnostic services; and Merritt Chiropractic, P.C. (Merritt), $4,574.00 for chiropractic treatment.

The itemized statement attached to the affidavit of Covenant's custodian of records was redacted to obscure entries reflecting a discount of $2190.30 and a payment of $400.00 against the initial $2690.30 charge, and to obscure an entry showing the resulting "ofc balance" of $100.00. The statement attached to the affidavit from Lubbock Radiology similarly was redacted to obscure entries showing an "adjustment" of $146.94 and a payment credit of $101.46. As redacted, the statements showed the jury only the total initial charges. The statements of UMC and Merritt contained no payment credits or discounts.

The record indicates that, before and during trial, the parties and the court were conscious of and concerned with the requirements of section 41.0105, and suggests that the means of implementation of the statute were discussed with the court off the record. At a point during Faye's case in chief, the court conducted an off-the-record bench conference. It then excused the jury, and Gore requested and was allowed to make an offer of proof concerning the payments and discounts applied to the Covenant and Lubbock Radiology charges.

3

Gore's counsel explained the purpose of the offer of proof: "if the court does not allow the testimony into evidence in front of the jury, I would like to at least present it now for the court to consider after the verdict and before a judgment is entered." The court discerned the basis of the offer was: "due to some kind of contract or an agreement with a health care provider that what was actually accepted in full is less than what was charged Plaintiff; is that correct?" Gore's counsel agreed with this assessment.

Gore then called the records custodians for Covenant and Lubbock Radiology as witnesses for the offer of proof. Each testified that Faye's charges were discounted pursuant to a contract between the provider and Faye's health insurance company FirstCare. Through these witnesses, Gore offered unredacted copies of the previously admitted affidavits of services and charges of Covenant and Lubbock Radiology.[4]

At the conclusion of the offer of proof, the court restated Gore's position: "And then he is making a motion to offer the testimony of [the records custodians] in front of the jury." On the court's request for a response, Faye's counsel voiced an objection to the testimony of the records custodians before the jury. The court then ruled:

> The court is going to sustain her objection and overrule you, preventing you from putting this in front of the jury. And the court's of the opinion, at this time, until further guidance is given the court, that it is a post-verdict pre-judgment matter. And so the offer of proof will stand but I will not allow that testimony in front of the jury.

The following exchange then occurred:

---

[4] Hereafter, we will refer to the evidence admitted for Gore's offer of proof as Gore's "section 41.0105 evidence."

4

[Gore's counsel]: "Okay. And, Your Honor, in the alternative then, we would ask the court to consider the testimony post-verdict pre-judgment."

[The Court]: "Yes, we will do that."

* * *

[Faye's counsel]: "And, Your Honor, for clarification, defense exhibits–I don't remember the numbers, but those include information regarding adjustments, will not be presented to the jury?

[The Court]: "That's right. That is just for the Judge before he prepares–executes a judgment."

At the charge conference, neither party objected to the proposed damage question which in part inquired what amount of money would compensate Faye for "reasonable expenses of necessary medical care actually incurred in the past." The jury found each party negligent, assessed fault at 25% to Faye and 75% to Gore, and awarded Faye $250 for past physical pain, $6,391.10 for past medical expenses, and zero for past lost wages.

After receipt of the verdict and discharge of the jury the court determined it was not feasible to accurately offset the past medical charges according to Gore's section 41.0105 evidence because the jury awarded an amount less than the total amount of charges presented by Faye's affidavits.[5] The court signed a judgment awarding Faye the full

---

[5] The record suggests no explanation for the jury's award of past medical expenses totaling $6391.10, compared with Faye's evidence totaling $8086.10. Gore does not challenge on appeal the trial court's determination not to apply an offset based on the section 41.0105 evidence.

5

amount of past medical expenses found by the jury, reduced by the percentage of fault the jury attributed to Faye.

Gore moved for a new trial asserting factual and legal insufficiency of the evidence supporting the award of past medical expenses because of the limiting effect of section 41.0105 and abuse of discretion by the court for not admitting Gore's section 41.0105 evidence before the jury. The motion for new trial was apparently overruled by operation of law and this appeal followed.

Issue Presented

Gore brings a single issue on appeal:

"The trial court erred in excluding properly offered exhibits and testimony concerning the amounts of medical expenses actually paid and accepted by Appellee's health care providers as payment in full."

As noted, the trial court admitted Gore's section 41.0105 evidence, but only for its post-verdict consideration in fashioning a judgment. Gore's argument in her brief makes clear that her complaint is the trial court abused its discretion by not allowing her to present the section 41.0105 evidence for the jury's consideration in answering the past medical expense damages question. Gore's contention is that admission of the evidence before the jury for that purpose was required by section 41.0105. She does not argue it was admissible for any purpose other than implementation of that statute.

6

Discussion

The admission and exclusion of evidence at trial is committed to the sound discretion of the trial court. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995). *See also Dow Chemical Co. v. Francis,* 46 S.W.3d 237, 240 (Tex. 2001); *Schroeder v. Brandon*, 141 Tex. 319, 172 S.W.2d 488, 491 (1943) (both noting great discretion vested in trial court over conduct of trial). A trial court abuses its discretion when its ruling is arbitrary, unreasonable or without reference to any guiding rules or legal principles. *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex. 1995)

The correctness of Gore's position that the trial court was required to admit her section 41.0105 evidence before the jury is not apparent from the language of section 41.0105. The legislature enacted the section as an addition to chapter 41 of the Civil Practice and Remedies Code, which chapter "establishes the maximum damages that may be awarded in an action" subject to its provisions. Tex. Civ. Prac. & Rem. Code Ann. § 41.002(b) (Vernon Supp. 2007). By its language the limitation on damages prescribed by section 41.0105 is mandatory. But unlike other provisions of chapter 41, section 41.0105 contains no procedural direction for its application at trial. *See, e.g.,* Tex. Civ. Prac. & Rem. Code Ann. § 41.008(a), (e) (Vernon Supp. 2007) (prescribing separate determinations of economic and other compensatory damages, and prohibiting making provisions known to jury); Tex. Civ. Prac. & Rem. Code Ann. § 41.009 (Vernon 1997) (requiring bifurcated trial on motion); Tex. Civ. Prac. & Rem. Code Ann.§§ 41.003(e) and

7

41.012 (Vernon 1997 and Supp. 2007) (mandating jury instructions in cases involving claims for exemplary damages).

In their appellate briefs, the parties devote a good deal of attention to the question whether introduction before the jury of evidence that Faye benefitted from her insurer's contractual agreements with Covenant and Lubbock Radiology runs contrary to the collateral source rule.[6] Gore contends that admission of such evidence does not violate the collateral source rule.[7] Review of the record convinces us that disposition of this appeal does not require our evaluation of the impact of section 41.0105 on the collateral source rule. This appeal presents only the narrow procedural question whether the trial court was required to implement section 41.0105 through presentation of evidence to the jury. Even if Gore is correct that admission of her section 41.0105 evidence would not violate the collateral source rule, it is obvious that the admission of such evidence before the jury in a personal injury case involves a significant departure from existing trial practice

---

[6] The common law collateral source rule "bars a wrongdoer from offsetting his liability by insurance benefits independently procured by the injured party." *Mid-Century Ins. Co. v. Kidd,* 997 S.W.2d 265, 274 & n.48 (Tex. 1999) (*citing Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 934-36 (Tex. 1980) (holding that a wrongdoer cannot receive credit for insurance independently procured by the injured party)). It is said to be a rule both of evidence and of damages. *Taylor v. American Fabritech, Inc.*, 132 S.W.3d 613, 626 (Tex.App.–Houston [14th Dist.] 2004, pet. denied).

[7] Gore relies primarily on reasoning like that set out in cases such as *Moorhead v. Crozer Chester Medical Ctr.*, 564 Pa. 156, 765 A.2d 786, 791 (2001), where the Supreme Court of Pennsylvania found the collateral source rule did not apply to similar discounts because the discounted amount was not paid by any collateral source and was thus "illusory." 765 A.2d at 791. In its opinion in *Mills v. Fletcher,* 229 S.W.3d 765, 769 n.3 (Tex. App.–San Antonio 2007, no pet.), the San Antonio Court of Appeals found the requirements of section 41.0105 to be contrary to the collateral source rule but noted the legislature's authority to abrogate the rule.

in Texas. *See, e.g., Taylor*, 132 S.W.3d at 625 ("It is generally considered error for insurance coverage of either party to be mentioned by the other party during trial of a personal injury cause of action." (citations omitted)). Without a more explicit statutory provision or guidance from our supreme court, we see no abuse of discretion in the trial court's decision to apply section 41.0105 post-verdict.[8]

Gore's single issue is overruled, and the trial court's judgment is affirmed.

James T. Campbell
Justice

---

[8] We note also that Gore's brief contains the statement section 41.0105 "established a manner of controverting the reasonableness and necessity of medical expenses claimed by a plaintiff." A plaintiff seeking to recover past medical expenses bears the burden of proving the treatment was necessary and the amount charged was reasonable, as well as establishing the expenses incurred. *Rodriguez-Narrea v. Ridinger,* 19 S.W.3d 531, 532 (Tex.App.–Fort Worth 2000, no pet.) (and cases cited therein). As noted, Faye followed in this case the common practice of proving her reasonable and necessary medical expenses by means of the statutorily-authorized affidavit. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 18.001, 18.002 (Vernon 1997) (providing for such proof and prescribing the form of affidavit). We do not perceive that Gore's section 41.0105 evidence was offered in the trial court for the purpose of controverting the reasonableness or necessity of Faye's claimed medical expenses.