**IRVING HOLDINGS, INC. and Isaias Tewelde, Appellants,**

v.

**Herman BROWN and Employers Insurance of Wausau, Appellees.**

**No. 05–06–01654–CV.**

Court of Appeals of Texas, Dallas.

Jan. 5, 2009.

---

G. Craig Hubble, Arlington, TX, for Appellant.

Jeffrey Ryan Cagle, Robert Yates Law Firm, Irving, Price Lewis Johnson, Dustin Benham, Carrington, Coleman, Sloman & Blumenthal L.L.P., Dallas, TX, for Appellee.

Before Justices MOSELEY, FRANCIS, and LANG.

## OPINION

Opinion by Justice MOSELEY.

The Texas Civil Practice and Remedies Code directs the trial court, in certain cases, to reduce the amount of damages a claimant can recover by a percentage equal to the claimant's percentage of responsibility. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(a) (Vernon 2005). Another provision in the same code limits, "in addition to any other limitation under law,"

the recovery of a claimant's medical or health care expenses to the amount "actually paid or incurred by or on behalf of the claimant." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 41.0105 (Vernon 2005). The sole issue presented in this case is: when both sections apply, which section does the trial court apply first? In this case the answer is worth about $22,000.

For the reasons set forth herein, we conclude the trial court correctly applied section 33.012(a) to reduce the claimant's damages—including his reasonable and necessary medical or health care expenses—by his percentage of responsibility, before applying section 41.0105 to ensure the claimant's recovery of medical or health care expenses did not exceed the amount of such expenses actually paid or incurred. As a result, we affirm the trial court's judgment.

### BACKGROUND

Herman Brown was involved in an auto accident with a taxicab driven by Isaias Tewelde. Brown was covered by a workers' compensation insurance policy written by Employers Insurance of Wausau. Brown sued Tewelde and Tewelde's employer, Irving Holdings, Inc., for personal injuries. Wausau intervened to recover the amounts it paid for Brown's medical expenses and in indemnity payments.

Brown filed several affidavits of reasonable and necessary services relating to his medical or health care expenses. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 18.001 (Vernon 2008). The amounts stated in the affidavits totaled approximately $89,000. Unless controverted by a timely counter-affidavit, such affidavits are "sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary." *Id.* § 18.001(b). Tewelde and Irving Holdings did not file counter-affidavits and did not dispute the reasonableness or necessity of the amounts of medical expenses stated in the affidavits.

The jury found Brown and Tewelde were both negligent and the percentage of responsibility for Brown's injuries attributable to each was 50 percent. The jury also found that $89,000 would "fairly and reasonably compensate" Brown for his "reasonable and necessary medical expenses that were incurred in the past." [1] Outside the jury's presence, it was established Wausau paid $45,429.95 for Brown's medical expenses under the workers' compensation policy.

Appellants did not challenge (and do not challenge on appeal) the jury's $89,000 finding for reasonable and necessary past medical expenses. Instead, after the verdict, Tewelde and Irving Holdings (collectively referred to as "Irving Holdings" for the remainder of this opinion) filed a motion for judgment notwithstanding the ver-

---

1. The jury was also asked:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Herman Brown for his damages from his injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Do not include interest in any amount of damages you find. Do not reduce the amount, if any, in your answers because of the negligence, if any, of Plaintiff. Do not speculate about what any party's ultimate recovery may or may

not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Answer in dollars and cents or "none" for damages, if any, as follows:

. . . .

In response to the inquiry for "[r]easonable and necessary medical expenses that were incurred in the past," the jury answered "$89,000." The jury found damage amounts for Brown's pain and suffering and lost wages that are not at issue in this appeal.

dict. Irving Holdings argued Brown's medical expenses were limited to the $45,429.95 actually paid by Wausau, and that the trial court should reduce the jury's $89,000 *damage finding* to $45,429.95 *before* further reducing the award by Brown's percentage of responsibility (50%). Under this interpretation, Irving Holdings asserted the trial court should award Brown $22,714.97 for past medical expenses.

Brown filed a motion for judgment. He argued the court first had to determine the total amount of medical expense-based damages he was entitled to *recover* under the jury verdict ($89,000 reduced by his 50% comparative responsibility, or $44,500), and then determine if that amount of recovery is further limited by section 41.0105's "amount actually paid or incurred" limitation. The trial court denied Irving Holdings's motion and rendered judgment, based on the jury verdict and Brown's motion, for $44,500 for past medical expenses.[2] Irving Holdings renewed its argument in a motion to modify the judgment, which was denied.

### ISSUE ON APPEAL

In a single issue on appeal, Irving Holdings argues the trial court erred by failing to reduce the jury's award of $89,000 in past medical expenses to $45,429.95, the amount actually paid or incurred by or on behalf of plaintiff, pursuant to section 41.0105 *before* reducing Brown's recovery by his 50 percent responsibility as found by the jury. Again, Irving Holdings does not challenge—on evidentiary sufficiency grounds or otherwise—the jury's finding that $89,000 would fairly and reasonably compensate Brown for his reasonable and necessary past medical expenses. Similarly, Irving Holdings does not challenge-on evidentiary sufficiency grounds or otherwise-any implied finding of fact that would support the trial court's judgment for damages based on Brown's reasonable and necessary past medical expenses.[3]

### STANDARD OF REVIEW AND APPLICABLE LAW

The issue before us presents a question of statutory construction, which we review de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *In re Guardianship of Fortenberry*, 261 S.W.3d 904, 910 (Tex.App.-Dallas 2008, no pet.). Beginning with the plain and common meaning of the words used in the statute, our objective is to determine and give effect to the Legislature's intent. *New Times, Inc. v. Doe*, 183 S.W.3d 122, 124 (Tex.App.-Dallas 2006, no pet.); *Computek Computer & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 223 (Tex.App.-Dallas 2005, no pet.). We may consider several factors in construing a statute, including the objective sought to be obtained, legislative history, and consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001); *see also* TEX. GOV'T

---

2. The other aspects of the judgment are not at issue in this appeal.

3. Additionally, we are not concerned in this case with: whether the trial court could reconcile the jury's determination that Brown's "reasonable and necessary" medical expenses amounted to $89,000 with the undisputed fact that the amount of medical and health care expenses "actually paid or incurred" totaled $45,429.95; what evidence is admissible before a jury with respect to the "actually paid or incurred" limitation imposed by section 41.0105; whether the trial court properly addressed section 41.0105 post-verdict, as opposed to through a jury instruction; or which party bears the burden of showing the amounts of medical expenses "actually paid or incurred" by or on behalf of the plaintiff. We express no opinion regarding these or any other issues relating to section 41.0105.

CODE ANN. § 311.024 ("The heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute.").

The two statutes at issue are section 33.012(a) and section 41.0105 of the civil practice and remedies code. TEX. CIV. PRAC. & REM.CODE ANN. §§ 33.012(a), 41.0105 (Vernon 2005). Section 33.012(a) provides:

§ 33.012. Amount of Recovery

(a) If the claimant is not barred from recovery under Section 33.001, the court shall reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a percentage equal to the claimant's percentage of responsibility.

TEX. CIV. PRAC. & REM.CODE ANN. § 33.012.

Section 41.0105 provides:

§ 41.0105. Evidence Relating to Amount of Economic Damages

In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.

*Id.* § 41.0105.

## ANALYSIS

There is very little case law interpreting section 41.0105. What there is does not resolve directly the issue before us. The supreme court has only briefly mentioned section 41.0105 and has never discussed it in detail. In *Daughters of Charity Health Services of Waco v. Linnstaedter*, 226 S.W.3d 409, 412 (Tex.2007), a hospital provided medical care for a patient covered by workers' compensation insurance and was paid the amount due to it from the carrier under the (discounted) reimbursement guidelines mandated by the Texas Labor Code. The hospital then filed a lien against the patient's tort recovery for additional amounts. The court held that such a lien violated the labor code's prohibition of private claims against workers' compensation patients. In a footnote, the court referred to section 41.0105, stating that it codified the court's prior ruling that an insured who had no exposure for unreimbursed medical expenses lacked standing to assert a claim against her insurer for underpayment. *See id.* at 412 n. 22 (referring to *Allstate Indem. Co. v. Forth*, 204 S.W.3d 795, 796 (Tex.2006)).

In *Mills v. Fletcher*, 229 S.W.3d 765 (Tex.App.-San Antonio 2007, no pet.), the San Antonio Court of Appeals held that under section 41.0105, a plaintiff may not recover medical or health care expenses that have been adjusted or "written off" by the plaintiff's health care providers pursuant to their agreement with the plaintiff's medical insurer. *Id.* at 769. There, the judgment awarded the plaintiff damages for past medical expenses; however, the defendant showed by a bill of exceptions that the plaintiff's medical providers had agreed to accept lesser amounts for their services, thereby "writing off" any balance due from the plaintiff. *Id.* at 768.

The Amarillo Court of Appeals mentioned section 41.0105 in passing in *Gore v. Faye*, 253 S.W.3d 785, 788 (Tex.App.-Amarillo 2008, no pet.). There, the issue was whether the trial court abused its discretion by excluding evidence of discounts plaintiff received under her health insurance plan. (The court concluded the trial court did not err by excluding the evidence.) *Id.* at 790. In a footnote, the court noted the appellant did not challenge the trial court's decision to award the amount found by the jury reduced by the plaintiff's percentage of responsibility. *Id.* at 788 n. 5 ("Gore does not challenge on appeal the trial court's determination not

to apply an offset based on the section 41.0105 evidence.").[4]

However, none of these cases involved section 33.012 or the interaction between it and section 41.0105. Further, the issue in *Mills* is not presented in this case, as Brown's recovery of past medical expenses ($44,500) under the trial court's judgment did not exceed the amount of such expenses that was actually paid or incurred by Brown or on his behalf ($45,429.94).

■ Section 41.0105 does not limit the amount a factfinder may determine—based on the evidence—constitutes "fair and reasonable compensation" for "reasonable and necessary medical expenses incurred." Under its plain language, section 41.0105 is a limitation on the "*recovery* of medical or health care expenses incurred. . . ." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 41.0105 (emphasis added). Thus it limits the *recovery* of damages based on such a determination to "the amount actually paid or incurred by or on behalf of the claimant." *Id.* Also by its plain language, it operates "in addition to any other limitation under law. . . ." *Id.*

In contrast, section 33.012 requires the court to reduce the *amount of damages to be recovered* by the plaintiff's percentage of responsibility. TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(a). A plaintiff's recovery is not determined until after the court has: (1) ascertained the amounts of damages a claimant has sustained, and then (2) if applicable, reduced those amounts under section 33.012(a).

It therefore appears that section 41.0105 must be applied after all other calculations limiting or reducing the amount of recoverable damages to determine whether the damages attributable to medical or health care expenses that are otherwise recoverable-without regard to section 41.0105—fall above or below that section's limitation. If the resulting damage amount based on reasonable and necessary medical expenses is greater than the amount of medical expenses "actually paid or incurred," section 41.0105 further limits the claimant's recovery to the lesser amount. If the resulting damage amount is not greater than the amount "actually paid or incurred," then section 41.0105's limitation is satisfied and no further reduction in the amount of those damages recoverable is necessary.

Irving Holdings argues the total "amount of damages to be recovered" under section 33.012(a) must be determined first by applying the limitation in section 41.0105 before further reducing the damages by plaintiff's percentage of responsibility. This argument reads section 41.0105 to limit a plaintiff's *damages*, not a plaintiff's *recovery*. Section 41.0105, as we have said, is not a limitation on damages, but a limitation on recovery. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 41.0105.

Irving Holdings also asserts that the courts must give effect to section 41.0105 in all cases, and applying section 33.012(a) before applying section 41.0105 eliminates the application of the latter provision in this case. We agree with the first assertion but disagree with the second. The factfinder's determination of damages based on the claimant's reasonable and necessary medical expenses may exceed the "actually paid or incurred" limitation of section 41.0105 in some cases and not in

---

**4.** In *Bituminous Casualty Corp. v. Cleveland*, 223 S.W.3d 485, 488 (Tex.App.-Amarillo 2006, no pet.), the Amarillo Court of Appeals mentioned the trial court found the plaintiff did not pay all the medical expenses and reduced the jury award of damages by a specific amount pursuant to section 41.0105; however, no issue was raised on appeal about the application of section 41.0105.

others. In the former cases, this would necessitate a further reduction of the claimant's recovery; in the latter cases it would not. This does not mean section 41.0105 is given effect in some cases but not in others.

Irving Holdings also asserts we must harmonize sections 33.012(a) and 41.0105 so as to give effect to both. Based on the statutory construction set forth above, we do not see a conflict between the two statutes nor do we see how the trial court's judgment did not give effect to both under the facts of this case.

■ Irving Holdings next argues there is a meaningful distinction between a limitation on a plaintiff's recovery and a limitation on a defendant's liability. *See Battaglia v. Alexander*, 177 S.W.3d 893, 906 (Tex. 2005) (noting section 33.012 imposes limits on what a claimant may recover and section 33.013 limits the liability of a particular defendant who is not jointly and severally liable); *Roberts v. Williamson*, 111 S.W.3d 113, 123 (Tex.2003) (stating section 33.012 limit on claimant's recovery less settlement credits is "independent of section 33.013's limitation on a particular defendant's percentage of responsibility."). Neither of these cases address section 41.0105 or the issue before us, though we think the *Roberts* analysis is consistent with our conclusion. *See Roberts*, 111 S.W.3d at 123 (defendant's liability under section 33.013 did not exceed limit placed on plaintiff's recovery by section 33.012 and no further settlement credit was required). While the distinction between a limitation of a plaintiff's recovery and a limitation on a defendant's liability has some meaning where the responsibility of multiple defendants or third parties is submitted to the jury and more than one is found liable, it is not meaningful in this case. The jury was asked to determine only the percentage of responsibility at-

tributable to Brown and Tewelde. No other person was found to have contributed to Brown's injury. Thus, the plaintiff's recovery and the defendant's liability in this case are the same.

Building on the above argument, Irving Holdings also asserts that compensating a plaintiff for medical expenses in excess of the amount actually paid or incurred by him (or on his behalf) would be a windfall to the plaintiff (or his carrier) and a fine or penalty to the defendant. These are not, however, the facts of this case. Under the trial court's judgment, Brown (and indirectly Wausau) was not compensated for more than the amount of medical expenses actually paid or incurred on his behalf; he recovered only $44,500 in medical expenses while the amount of medical expenses actually paid or incurred on Brown's behalf was $45,429.95. Brown did not recover medical expenses in excess of the amount actually paid or incurred, nor was Irving Holdings held responsible in judgment for more than that amount. Thus, the intended effect of section 41.0105 of limiting Brown's recovery of medical expenses to the amount actually paid or incurred by or on his behalf was accomplished.

Following Irving Holdings's argument would result in Irving Holdings receiving the benefit of Brown's workers' compensation policy. Despite being responsible for 50 percent of the cause of the accident, Irving Holdings would pay only 25 percent of the reasonable and necessary medical expenses found by the jury. The jury found—and Irving Holdings does not challenge-that the amount necessary to compensate Brown for his reasonable and necessary medical expenses was $89,000. Given this undisputed finding, we cannot say that Brown or Wausau received a windfall by recovering only half of the reasonable and necessary medical expenses as found by the jury.

CONCLUSION

The jury awarded Brown $89,000 based on "reasonable and necessary medical expenses that were incurred in the past." The jury also found that Brown was 50 percent responsible for the accident. After reducing Brown's damages—including the amount of damages based on Brown's medical or health care expenses—by 50 percent, the trial court properly compared the result to the limitation in section 41.0105 on recovery of medical expenses. As the resulting damages ($44,500) did not exceed the amount of medical or health care expenses "actually paid or incurred" on Brown's behalf ($45,429.95), the trial court properly entered judgment based on the $44,500 amount. We overrule Irving Holdings's sole issue.

We affirm the trial court's judgment.