NO. 12-07-00130-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MARGARITA GARZA DE ESCABEDO,
§
 APPEAL FROM THE 217TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


AARON GLENN HAYGOOD,

APPELLEE
§
 ANGELINA COUNTY, TEXAS

 

OPINION


 Margarita Garza de Escabedo appeals a judgment entered against her in a lawsuit filed by
Aaron Glenn Haygood. Escabedo raises four issues on appeal. We reverse in part and conditionally
affirm in part.


Background


 Haygood filed a lawsuit against Escabedo for injuries he sustained in an automobile collision
caused by Escabedo. Before trial, Escabedo sought by written motion to exclude "any evidence or
testimony of any amount of medical or health care bills in excess of the amount actually paid or
incurred by or on behalf of [Haygood]." Escabedo argued that such an exclusion was required by
section 41.0105 of the Texas Civil Practice and Remedies Code, which she asserted "limited
recoverable medical care expenses to 'amounts actually paid or incurred by or on behalf of the
claimant.'" (1) She stated in her motion that


[e]vidence relating to an improper measure of damages is irrelevant and constitutes no evidence[.]


. . . .


 The only evidence Plaintiff [Haygood] has concerning medical care expenses is the testimony
of his treating physicians, Dr. Tomaszek and Dr. Kobza, and medical billing records affidavits. 
However, Dr. Tomaszek and numerous of the medical billing records affidavits readily admit that the
bills have been adjusted downward, and the facilities have . . . written off portions of those bills. 
Because any testimony or record regarding the total amount billed addresses an incorrect measure of
damages, such testimony or record is irrelevant and inadmissible.



This motion was denied by the trial court before trial, as was a second oral motion for rehearing on
the matter. (2)

 Haygood also filed a pretrial motion to exclude, moving to exclude "evidence of, and offsets
for, collateral sources." In short, Haygood argued that evidence that an insurance company had made
any payments to his medical care providers, or that a provider had reduced any portion of its bill,
should be excluded from the evidence allowed at trial. The trial court granted this motion before
trial.

 At trial, Haygood was allowed to present evidence to the jury that his medical providers billed
him a total of $110,069.12 for his medical care. No evidence of any reductions in these bills was
allowed. This was so even though it is uncontested that the portion of these bills paid by Medicare
was only $14,482.02 and that the total amount for which Haygood was still liable was only
$13,292.41. The remaining $82,294.69 had been written off by Haygood's providers as adjustments
required by Medicare. (3)

 The jury returned a verdict finding Escabedo negligent and assessing Haygood's past medical
care expenses at $110,069.12, the full amount presented at trial by Haygood. Haygood subsequently
filed a written motion requesting that the trial court enter a judgment awarding this amount. In
response, Escabedo timely filed a written motion for judgment non obstante veredicto, arguing that
Haygood had presented "[e]vidence relating to an improper measure of damages . . . ." (4) As such,
Escabedo argued that this evidence was "irrelevant and constitute[d] no evidence." After holding a
hearing on these motions, the trial court signed a judgment awarding past medical care expenses in
the full amount presented at trial. This appeal followed.

 

Legal Sufficiency


 In her fourth issue, Escabedo asserts that the evidence of past medical care expense damages
presented by Haygood at trial "related to the incorrect measure of damages." She states that section
41.0105 of the Texas Civil Practice and Remedies Code "created a new measure of damages with
respect to the recovery of medical or health care expenses." Escabedo argues that "[e]vidence
relating to an improper measure of damages is irrelevant and constitutes no evidence [of damages.]" 
According to Escabedo, "[b]ecause the evidence admitted and considered by the jury related to the
incorrect measure of damages, there [was] no evidence supporting the jury verdict or the trial court's
judgment with respect to past medical care expenses." 

Standard of Review

 The amount of damages to which a plaintiff is entitled is a question of fact for the jury to
decide. Burrell Eng'g & Constr. Co. v. Grisier, 111 Tex. 477, 481, 240 S.W. 899, 900 (1922);
Galveston, Harrisburg & San Antonio R.R. Co. v. Le Gierse, 51 Tex. 189, 204 (1879). However,
the proper measure used to determine this amount is a question of law for the trial court. Le Gierse,
51 Tex. at 204; see Jackson v. Fontaine's Clinics, Inc., 499 S.W.2d 87, 90 (Tex. 1973). It is the role
of the trial court to allow the admission of evidence related to the proper measure of damages, and
to exclude, upon objection, evidence unrelated to this measure. See Fid. & Deposit Co. of Md. v.
Stool, 607 S.W.2d 17, 24 (Tex. Civ. App.-Tyler 1980, no writ); see also Tex. R. Evid. 402. In doing
so, the trial court "limit[s] the jury's consideration to facts that are properly a part of the damages
allowable." Allied Vista, Inc. v. Holt, 987 S.W.2d 138, 141 (Tex. App.-Houston [14th Dist.] 1999,
pet. denied).

 We may set aside a verdict as based on legally insufficient evidence only if the evidence at
trial would not enable reasonable and fair-minded people to reach the verdict under review. See City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). In analyzing the legal sufficiency of the
evidence to support damages, a jury's verdict will be upheld if it is within the range of the evidence
at trial regarding the amount of damages incurred. See Cont'l Dredging, Inc. v. De-Kaizered, Inc.,
120 S.W.3d 380, 392 (Tex. App.-Texarkana 2003, pet. denied); State Farm Fire & Cas. Co. v.
Rodriguez, 88 S.W.3d 313, 321 (Tex. App.-San Antonio 2002, pet. denied). Where damages
evidence does not relate to the amount of damages sustained under the proper measure of damages,
that evidence is both irrelevant and legally insufficient to support a judgment. See Porras v. Craig,
675 S.W.2d 503, 504-05 (Tex. 1984); Matheus v. Sasser, 164 S.W.3d 453, 463 (Tex. App.-Fort
Worth 2005, no pet.).

Section 41.0105

 In determining the proper measure of damages in this case, we must first address the
interpretation of section 41.0105 of the Texas Civil Practice and Remedies Code. Section 41.0105
reads as follows:


Evidence Relating to Amount of Economic Damages


In addition to any other limitation under law, recovery of medical or health care expenses incurred is
limited to the amount actually paid or incurred by or on behalf of the claimant.



Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (Vernon 2008). The legislature enacted this statute
in 2003 as a part of tort reform legislation. See Matbon, Inc. v. Gries, No. 11-06-00258-CV, 2009
WL 94310, at *4 (Tex. App.-Eastland Jan. 15, 2009, no pet. h.). By its express terms, section
41.0105 limits the recovery of medical care expenses incurred "to the amount actually paid or
incurred by or on behalf of the claimant." See id., at *5 (emphasis added). The word "actually" is
the operative term of the statute. See id. It is an adverb that modifies both "paid" and "incurred."
See id. Therefore, the statute limits the recovery of medical care expenses to the amount actually paid
or actually incurred by or on behalf of the claimant. See id.

 Section 41.0105 does not simply provide for the recovery of the amounts initially incurred
by the claimant. See id. Instead, it limits the recovery to the amounts actually incurred by the
claimant or on his behalf. See id. Amounts that a health care provider subsequently "writes off" its
bill do not constitute amounts actually incurred by the claimant or on his behalf because neither the
claimant nor anyone acting on his behalf will ultimately be liable for paying these amounts. See id.

Analysis

 As its title reflects, section 41.0105, as a measure of damages, not only limits the amount of
damages recoverable, but also affects the relevance of evidence offered to prove damages. See Tex.
Civ. Prac. & Rem. Code Ann. § 41.0105; see also Porras, 675 S.W.2d at 504-05; Stool, 607 S.W.2d
at 24. But see Irving Holdings, Inc. v. Brown, No. 05-06-01654-CV, 2009 WL 18713, at *4-6 (Tex.
App.-Dallas Jan. 5, 2009, no pet. h.)(applying section 41.0105 at a different stage in proceedings);
Gore v. Faye, 253 S.W.3d 785, 789-90 (Tex. App.-Amarillo 2008, no pet.)(affirming trial court's
decision to exclude defendant evidence of subsequent adjustments to medical bills). As such,
medical bills reflecting only the amount "initially incurred," and understood by the trial court and the
parties to omit evidence of the amount "actually incurred," are irrelevant and should be excluded at
trial. See Porras, 675 S.W.2d at 504-05; Stool, 607 S.W.2d at 24; Matheus, 164 S.W.3d at 463;
Holt, 987 S.W.2d at 141. Further, where improperly admitted, such evidence is legally insufficient
in relation to the correct measure of damages, the amount actually paid or incurred by or on behalf
of the claimant. See Porras, 675 S.W.2d at 504-05; Matheus, 164 S.W.3d at 463.

 Here, it is undisputed that "there were no admitted medical bills reflecting any actual
payments." Cf. Tex. R. App. P. 38.1(g) (formerly Tex. R. App. P. 38.1(f)). It is also undisputed that
"[t]he only portion of the record which reflects actual payments is the offer of proof [Escabedo] made
in the trial court." Cf. id. Therefore, there was no direct evidence before the jury of the amount
actually paid or actually incurred by or on behalf of Haygood. Instead, the evidence showed only the
amount initially incurred by Haygood. Consequently, the evidence was legally insufficient to support
the jury's verdict awarding past medical care expense damages. We sustain Escabedo's fourth issue.



Conclusion (5)

 We ordinarily render judgment after sustaining a legal sufficiency issue. See Texarkana
Mem'l Hosp., Inc. v. Murdock, 946 S.W.2d 836, 841 (Tex. 1997). Here, there is legally insufficient
evidence to support the entire award of past medical care expense damages; but the admitted medical
bills were more than a scintilla of evidence to support at least some of those damages awarded. See
id. As such, we would generally reverse the judgment of the trial court and remand this case for a
new trial. See id. However, based on the undisputed facts before us, we may suggest a proper
voluntary remittitur. See Guevara v. Ferrer, 247 S.W.3d 662, 670 (Tex. 2007). 

 Because it is undisputed that $82,294.69 has been written off by Haygood's providers as
adjustments required by Medicare, we suggest a remittitur in that amount. See Tex. R. App. P. 46.3. 
If a remittitur is timely filed within fifteen (15) days from the date of this opinion, the trial court's
judgment as to liability will be affirmed, its judgment as to "actual damages" will be reformed and
affirmed in the amount of $62,274.43, and its judgment as to pre-judgment interest will be reversed
and remanded for recalculation. (6) See Collins & Aikman Floorcoverings, Inc. v. Thomason, 256
S.W.3d 402, 414 (Tex. App.-San Antonio 2008, pet. denied). If a remittitur is not timely filed, the
trial court's judgment will be reversed and the case remanded for a new trial. See id.


 BRIAN HOYLE 

 Justice


Opinion delivered February 18, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(PUBLISH)
1. See Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (Vernon 2008).
2. The clerk's record does not include a written order denying Escabedo's initial motion. However, it is
clear from the reporter's record that the trial court denied this motion.
3. Haygood states in his brief that, "[i]n [his] Statement of the Case, and Facts[,] he has concurred with
[Escabedo] as to [the] accuracy of the total medical expenses, the amounts still owed and the amounts paid by
Medicare." See Tex. R. App. P. 38.1(g) (formerly Tex. R. App. P. 38.1(f)).
4. Escabedo's motion for judgment non obstante veredicto is contained in her "Response to Plaintiff's
Motion for Judgment." In her briefing, Escabedo asserts that she failed to file a motion for judgment non obstante
veredicto and that this failure was not error. However, it is also clear from Escabedo's briefing that she did actually
file the motion.
5. In her remaining three issues, Escabedo asserts that the trial court reversibly erred by admitting Haygood's
evidence related to past medical care expenses, by excluding Escabedo's evidence of the adjusted amount of medical
care expense damages, and by entering a judgment for medical care expense damages in excess of the amount
actually paid or incurred. Because resolution of these issues is unnecessary to the final disposition of this appeal, we
do not address them. See Tex. R. App. P. 47.1. 

6. The trial court's judgment awarded Haygood $144,569.12 in what it termed "actual damages." This
amount included Haygood's past medical care expense damages. The reformed judgment for $62,274.43 includes
all past medical care expense damages surviving remittitur, plus all other damages categorized as "actual damages"
in the trial court's judgment. These other "actual damages" have not been challenged on appeal.