COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

FRONTERA SANITATION, L.L.C.,      §

                          Appellant,      §

v.      §

     §

RAMON E. CERVANTES,      §

                          Appellee.      §

     §

No. 08-08-00330-CV

Appeal from the

County Court at Law No. 3

of El Paso County, Texas

(TC# 2004-4029)

## **O P I N I O N**

Frontera Sanitation, L.L.C. appeals from a judgment awarding its former employee, Ramon Cervantes, over $151,000 in damages and interest. In a single issue, Frontera challenges the trial court's decision to deny its post judgment motion, which included requests for judgment not withstanding the verdict, remittitur, and new trial in the interests of justice. For the reasons that follow, we affirm.

## **FACTUAL SUMMARY**

Frontera Sanitation is a portable toilet company in El Paso. Edwardo Holguin, Jr. purchased the company's predecessor in 2000, and sold the business to his mother, Cobina Jimenez, in 2003. After the sale, Holguin remained involved in the business as a financial manager, while Jimenez managed the day-to-to day operations. Edward Cervantes worked for the company as a route driver from September 23, 2002, until the end of February 2003.

A route driver is responsible for cleaning and stocking the toilets on a specified route each

day. On average, each driver services forty toilets per route. To service a toilet, a driver must maneuver the truck as close to the toilet as possible, using a vacuum to remove the waste, and then refill the waste tank with fresh chemicals and water. Although at least one of Frontera's service trucks has a hose attachment to pump the water and chemical mixture directly into the empty toilets, most of the drivers must carry buckets to and from the truck for refilling and cleaning. Generally, the drivers use five-gallon construction or paint buckets to tote the clean liquids from the truck to the toilet. Servicing one toilet generally requires two trips with a bucket that is half to three-quarters full of solution. The first bucket of chemicals is used to clean the toilet surfaces. Then a second bucket re-stocks the waste tank. To save time, Frontera drivers often filled their bucket completely full, so they could clean and restock the toilets without having to make a second trip to the truck for additional solution. Cervantes drove for Frontera between three and four days per week during his employment with the company.

In January 2003, Cervantes started experiencing discomfort in his right arm and elbow. He described the pain as a "pinching and burning sensation." The pain made it difficult to carry the vacuum and the chemical buckets during his routes. Over the next few weeks, Cervantes continued his routes, working mostly with his left hand. The pain continued to worsen, and eventually he sought treatment from orthopedic specialist Dr. Eric Sides of El Paso. Cervantes did not return to work after February 28, 2003.

Cervantes' first examination by Dr. Sides occurred on March 3, 2003. According to a Worker's Compensation Work Status Report generated that day, Dr. Sides diagnosed Cervantes as having a work-related repetitive use injury to his right arm, and restricted Cervantes from working for one week. According to a second Work Status Report, Cervantes saw Dr. Sides for a follow-up

examination on March 10, at which point Dr. Sides ordered him to remain off-work for an additional three weeks.  Cervantes saw Dr. Sides for a third visit on March 31, 2003.  Following this exam, Dr. Sides wrote a letter to Holguin, explaining Cervantes' condition and his diagnosis.  Frontera Sanitation received the letter via facsimile on April 3, 2003.  Frontera refused to pay for any of Cervantes' treatment or medication.[1]

Cervantes filed a negligence lawsuit against his former employer on September 22, 2004. He alleged that due to Frontera's negligence, and in the course and scope of his employment, he suffered injuries to his right arm, hand, and wrist resulting in, carpal tunnel syndrome, lateral epicondylitis and synovitis, and tenosynovitis.  Frontera defended its refusal to pay medical expenses on the basis that Cervantes failed to inform the company of his pain when it started in January, and that the company was not informed of his injuries until it received Dr. Sides' letter in early April.

The case was tried to a jury in July 2008.  The court's charge included two questions:  a broad form negligence question and a damages question.  The jury concluded that Frontera negligently caused Cervantes' injuries, and awarded damages as follows:

a.    Medical care and expenses incurred in the past.
      Answer:  $4,472.00

b.    Medical care expenses that, in reasonable probability, [Cervantes] will incur in the future.
      Answer:  $15,000.00

c.    Physical pain sustained in the past.
      Answer:  $5,000.00

d.    Physical pain that, in reasonable probability, [Cervantes] will sustain in the future.

---

[1] Frontera Sanitation does not subscribe to the Texas Worker's Compensation Program at this time, and did not carry a private worker's compensation policy.

Answer: $7,500.00

e.    Mental anguish sustained in the past.
      Answer: $11,334.00

f.    Mental anguish that, in reasonable probability, [Cervantes] will sustain in the
      future.
      Answer: $4,200.00

g.    Loss of earning capacity sustained in the past.
      Answer: $31,345.00

h.    Loss of earning capacity that, in reasonable probability, [Cervantes] will
      sustain in the future.
      Answer: $61,119.00

i.    Physical impairment sustained in the past.
      Answer: [zero]

j.    Physical impairment that, in reasonable probability, [Cervantes] will sustain
      in the future.
      Answer: [zero].

The trial court entered judgment on the verdict for $139,970.00. It also awarded court costs

in the amount of $1,438.41, and an additional $12,291.00 for pre-judgment interest. Frontera filed

a motion for new trial, with additional and alternative arguments to modify or reform the judgment,

for judgment not withstanding the verdict, to disregard the jury's answers, and for remittitur. The

trial court denied the motions.

In a single issue, Frontera presents a global challenge to the trial court's denial of its post

judgment motion. For purposes of our analysis, we have broken the grounds and arguments raised

in the motion into three groups, which we will address in turn. We begin with Frontera's arguments

regarding the jury's negligence finding. Second, we will turn to Frontera's challenges to the jury's

damage findings. And we will conclude our analysis by addressing the employer's arguments

regarding its requests for remittitur and new trial.

## NEGLIGENCE FINDINGS

Frontera contends the trial court erred by denying its request for judgment not withstanding the verdict because the evidence was legally insufficient to support the jury's negligence finding. It argues that the medical evidence of injury was erroneously admitted, leaving the record devoid of evidence of breach and proximate cause. In the alternative, Frontera contends that the evidence presented precludes recovery because Cervantes was not employed by Frontera at the time he claimed to have been injured.

We review a denial of a motion for JNOV under a legal sufficiency standard. *Richard Rosen, Inc. v. Mendivil*, 225 S.W.3d 181, 191 (Tex.App.--El Paso 2005, pet. denied). In a legal sufficiency review, we credit evidence favorable to the finding if a reasonable fact finder could, disregard contrary evidence unless a reasonable fact finder could not, and reverse the fact finder's determination only if the evidence presented would not enable a reasonable and fair-minded person to reach the judgment under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We will sustain the legal-sufficiency challenge if the record reveals: (1) the complete absence of evidence supporting the finding; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to support the finding; (3) the evidence offered to prove the finding is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the finding. *Id*. at 810-11. More than a scintilla of evidence exists when the evidence presented rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

To succeed on a claim for negligence a plaintiff must prove the existence of a legal duty by

the defendant, a breach of that duty, and damages proximately caused by that breach. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). In this instance, Frontera contends there was no evidence of a causal relationship between its actions and Cervantes' injuries. This argument is based on its conclusion that the "medical narrative" in Dr. Sides' March 31 letter was inadmissible. Dr. Sides wrote:

> This is concerning [Cervantes]. This will also confirm the information related to you by phone conversation. This patient has injured his elbow at work and that is my medical determination. He complained of pain and discomfort in his right elbow, numbness and tingling in his fingers and generalized inflamation in his right arm. You have informed me that the patient does no lifting with his arm, but the patient has informed me that he is required to fill 5 gallon buckets of chemicals multiple times a day using his right arm. This is not in all related to his previous injury. In fact this is totally unrelated to his previous injury and in accordance to Worker's Compensation law in that this patient complaint originated at work, I am determined that this injury is from what the patient describes to me as the type of work that he does.

We must emphasize that this exhibit was admitted without objection. To preserve a complaint for appellate review, the record must demonstrate that the complaining party made a timely, and specific objection to the trial court, and that the trial court ruled on that objection. *See* TEX.R.APP.P. 33.1(a). Because Frontera did not object, the issue is not preserved. *See id*.

The remainder of Frontera's sufficiency challenge is directed at two fact issues: (1) was the evidence sufficient to support the jury's implicit finding that Cervantes was a Frontera employee at the time he sustained his injury; and (2) was the medical evidence sufficient to support the jury's determination that there was a causal connection between Cervantes' work activities and his injury?[2] When viewed through the *Keller* prism, the evidence demonstrated that Cervantes worked for

---

[2] To the extent, Frontera also contends that the breach element of Cervantes' cause of action, was not supported by evidence, that argument has not been adequately briefed, and is waived. *See* TEX.R.APP.P. 38.1(i).

Frontera from late September 2002 until the last day of February 2003.

In the alternative, Frontera contends there was no evidence to support the jury's conclusion that Cervantes' injury was proximately caused by Frontera's negligence. As we noted above, Frontera failed to object to the primary piece of medical evidence at trial, the March 31 letter from Dr. Sides. This document detailed information from which the jury could have concluded that Cervantes' job, as defined by Frontera, required him to repeatedly lift and carry large buckets of liquids, which caused him to develop inflamation and pain in his right arm. Once again, when viewed through the *Keller* prism, this evidence amounted to more than a scintilla of evidence on the issue of proximate cause. Accordingly, the evidence presented at trial was not legally insufficient, and the trial court did not err by denying Frontera's motion for judgment not withstanding the verdict.

**DAMAGES**

We now turn to Frontera's arguments contesting the amount of damages awarded by the jury. As a preliminary matter, we note that much of the argument regarding damages is based on the employer's conclusion that Cervantes' injury was not compensable because he failed to establish that he was working for the company at the time he developed the pain in his arm. We have already decided this issue against Frontera. Because this argument is the only sufficiency challenge made to the jury's awards for past physical pain and past mental anguish, we overrule Frontera's argument as to those two damage elements.

We also note that within its arguments directed at the jury's monetary award, Frontera contends that the awards for past and future lost earnings must be reversed due to charge error. Frontera's entire argument on this point is limited to a single statement regarding the trial court's

duty to instruct the jury whether or not "any recovery for compensatory damages sought by the claimant is subject to federal or state income taxes." The Texas Rules of Appellate Procedure require an appellant to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX.R.APP.P. 38.1(i). Because Frontera's briefing on this point is inadequate, the argument is waived. *See Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex.App.--El Paso 2010, no pet.). We overrule Frontera's issue with regard to the awards for past and future lost earnings.

Frontera's arguments against the award for the remaining damage elements are phrased as a challenge to the legal and factual sufficiency of the evidence. Within its broad sufficiency challenge, Frontera presents numerous grounds for reversal which are, in turn, directed toward particular types of damages. To address each argument in the context of the particular damage element to which it is addressed, we have divided the damage categories into two groups: (1) past and future medical expenses; and (2) future physical pain, future mental anguish, and past and future lost earnings.

Frontera contends the evidence is legally and factually insufficient to support past and future medical expenses. In the first instance, it argues that the jury's award for past medical expenses, "was not supported by any credible or competent evidence." Frontera summarily states, "there was an absolute lack of credible evidence for the jury to award any sum for future medical expenses," and that "there was no credible evidence of the amount of future medicals, if any, which may be reasonable and necessary under the circumstances." To the extent this argument is based on Frontera's argument against the admissibility of Dr. Sides' March 31 letter, we have previously overruled that argument as no corresponding objection was made at trial. The remainder of the

argument has been included in the brief without citation to legal authority and corresponding legal argument and is therefore overruled as waived. *See* TEX.R.APP.P. 38.1(i); *Hernandez*, 318 S.W.3d at 466. Accordingly, we need not address Frontera's global challenge to the legal and factual sufficiency of these damages further, and Frontera's sufficiency argument on this point is overruled.

Frontera also contends the award for past medical expenses must be reduced pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code, which limits a claimant's recovery of medical or health care expenses to the amount actually paid. *See* TEX.CIV.PRAC.&REM. CODE ANN. § 41.0105 (West 2008). By its plain language, Section 41.0105 is a limitation on a claimant's recovery of medical expenses incurred; it does not limit the amount a fact finder may determine constitutes an appropriate recovery. *See Irving Holdings, Inc. v. Brown*, 274 S.W.3d 926, 930 (Tex.App.--Dallas 2009, pet. denied). Accordingly, Section 41.0105 must be applied as a limitation on the fact finder's medical expenses award. *See id.* To effectuate such a reduction, the record must necessarily contain some evidence of how much of the claimant's expenses have been paid or reduced by another source. *See Brown*, 274 S.W.3d at 932. In this instance, although Frontera objected to the jury's award for past medical expenses, neither its written objection to the trial court, nor its brief to this Court directs us to evidence demonstrating that any of Cervantes' medical expenses were adjusted or "written off" by his medical providers. Without such evidence there was no basis for a reduction in the award.

We are left with Frontera's contention that the jury's awards for future physical pain and mental anguish, and past and future lost earnings were also unsupported by legally and factually sufficient evidence. In essence, Frontera argues that these awards must be reduced or eliminated because they were based entirely on Cervantes' speculation that his pain would continue in the

future. However, Frontera's entire legal argument and analysis for the reversal of the damage awards is limited to its bare conclusion that there was insufficient evidence. Absent citation to appropriate legal authority, coupled with legal analysis relating the cited authority to the facts of the case before us, a party waives an issue for appellate review. *See* TEX.R.APP.P. 38.1(i); *Hernandez*, 318 S.W.3d at 466. As there is no need to address Frontera's argument regarding future physical pain, and future mental anguish, we overrule the sub-issues as to these damage elements. Similarly, to the extent Frontera has attempted to challenge the trial court's denial of its motion for remittitur, for new trial in the interests of justice, and to set aside the jury's verdict, those arguments are also waived and overruled due to inadequate briefing. *See* TEX.R.APP.P. 38.1(i); *Hernandez*, 318 S.W.3d at 466.

Having overruled each argument, and therefore the issue as a whole, we affirm the trial court's judgment.

March 30, 2011

ANN CRAWFORD McCLURE, Justice

Before McClure, J., Barajas, C.J. (Ret.), and Antcliff, Judge
Barajas, C.J. (Ret.)(Sitting by Assignment)
Antcliff, Judge (Sitting by Assignment)