NO. 07-11-0132-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 29, 2011

JESUS CAVAZOS,

Appellant

v.

PAY AND SAVE, INC. d/b/a LOWE'S MARKETPLACE,

Appellee

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-550,659; HONORABLE WILLIAM C. SOWDER, PRESIDING

*Opinion*

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jesus Cavazos appeals from a judgment awarding him damages for injuries suffered in a fall at Pay and Save, Inc. d/b/a Lowe's Marketplace (Lowe's). He contends that the trial court 1) abused its discretion by reducing his award for medical expenses pursuant to §41.0105 of the Civil Practice and Remedies Code without any evidentiary basis for doing so, and 2) erred in reducing his award for medical expenses pursuant to §41.0105 before reducing his recovery by his percentage of responsibility. We affirm the judgment.

After a trial, the jury awarded Cavazos past medical expenses of $4,810.82 and also found him 49% responsible for his injuries. Lowe's was 51% responsible. The trial court ultimately entered judgment awarding him damages of $1,790.16, after applying §§33.012(a) and 41.0105 of the Texas Civil Practice and Remedies Code.

Per §41.0105 of the Civil Practice and Remedies Code, recovery of medical expenses is limited to the amount actually paid or incurred by the claimant. TEX. CIV. PRAC. & REM. CODE ANN. §41.0105 (Vernon 2008). In turn, §33.012(a) states that the amount of damages to be recovered must be reduced by a percentage equal to the claimant's percentage of responsibility. *Id.* §33.012(a). It is the manner in which these two statutes were applied below that is contested on appeal.

*Issue 1 – Explanation of Billing Records*

Cavazos argues that there is a dearth of evidence supporting the trial court's decision to reduce the medical expenses as it did under §41.0105. In support of that contention, however, he provided us with only a limited portion of the reporter's record. This is problematic since an appellant, such as Cavazos, has the duty to bring forward a sufficient record to show that the trial court erred. *See Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex. 1990). Providing an incomplete record of the evidence admitted at trial effectively prevents us from assessing whether or not the trial court had any evidence supporting its decision regarding the quantum of medical expenses actually paid or incurred. So, we cannot say that he met the duty imposed under *Christiansen.*

Moreover, if an appellant requests a partial reporter's record, he must include a statement of the points or issues to be presented on appeal. TEX. R. APP. P. 34.6(C). Failing to do so, as apparently happened here, obligates us to presume that the record

2

supports the trial court's judgment. *See Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex. 2009); *In re Marriage of Durham,* No. 07-02-0398-CV, 2004 Tex. App. LEXIS 11430, at *9 (Tex. App.–Amarillo December 17, 2004, no pet.) (mem. op.). Consequently, we overrule Cavazos' first issue.

*Timing of Reduction for Percentage of Responsibility*

Next, appellant argues that the reduction for his share of responsibility should occur before any deductions were made for medical expenses not actually paid by Cavazos. In doing so, he relies upon *Irving Holdings, Inc. v. Brown,* 274 S.W.3d 926 (Tex. App.–Dallas 2009, pet. denied) in which the Dallas Court of Appeals considered the relationship between §§41.0105 and 33.012 and determined that §41.0105 was to be applied after all other calculations limiting or reducing the amount of recoverable damages; this was so, it concluded, because §41.0105 limited a plaintiff's recovery but not damages. *Id.* at 932. In the recent opinion of *Haygood v. De Escabedo,* No. 09-0377, 2011 Tex. LEXIS 514 (Tex. July 1, 2011), the Texas Supreme Court agreed that §41.0105 is a limitation on recovery. *Id.* at *20. However, it also held that only evidence of recoverable medical expenses is admissible at trial. *Id.* at *25-26. In other words, only evidence of expenses actually paid or incurred can be presented to a jury. And, from that ruling, it logically follows that any calculation of what was so paid or incurred precedes any reduction for the plaintiff's percentage of responsibility. In other words, the plaintiff must first prove to the jury what was paid or incurred to arrive at a verdict. Once that verdict is reached, then the trial court enters judgment applying §33.012. So, we disagree with Cavazos' proposition and, therefore, overrule it.

3

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice